**MEMO ENDORSED**

# Cravath, Swaine & Moore LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1714

ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON

JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III

WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN

DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
CHRISTINE BESHAR

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/08

July 8, 2008

[Handwritten endorsement: The parties between the Global disputes. The proposed motion will be taken up at the initial conference on August 29 at 10:45. SO ORDERED 7-11-08

Plaintiff should report by July 25 and defendant may reply by August 8. Answer should submit a joint letter to Chambers reporting on a willingness to retain a private mediator to endeavor to resolve]

Telenor East Invest AS v. Farimex Products, Inc., Eco Telecom Limited
and Altimo Holdings & Investments Limited (08-CV-5623-PKC)

Dear Judge Castel:

    We represent Eco Telecom Limited ("Eco Telecom") and Altimo Holdings & Investments Limited ("Altimo") (together, "Defendants") in the above-titled case. Defendants are affiliates within the Alfa Group Consortium (the "Alfa Group"), one of Russia's largest private equity conglomerates. Pursuant to the Court's Individual Practices, I write to request a pre-motion conference. We intend to make a motion to dismiss the complaint. In light of this, we respectfully request that a briefing schedule be set at the conference, and that the initial pretrial conference just set by the Court for August 29, 2008, at 10:45 a.m. be deferred until after decision on the motion to dismiss.

    Briefly, the relevant facts are as follows:

    1.  On May 30, 2001, Eco Telecom and Plaintiff entered a shareholders agreement (the "Shareholders Agreement") that governs the relationship of Eco Telecom and Plaintiff, Telenor East Invest AS ("Plaintiff" or "Telenor") as shareholders of Open Joint Stock Company Vimpel-Communications ("VimpelCom"), a Russian corporation listed on the New York Stock Exchange. A later guarantee agreement binds Altimo to the Shareholders Agreement as well. The Shareholders Agreement contains a broad arbitration clause providing for arbitration in Geneva.

    2.  On March 21, 2008, Eco Telecom noticed an arbitration (the "Arbitration") pursuant to that arbitration clause asserting that Plaintiff breached the Shareholders Agreement in connection with VimpelCom's acquisition of a Ukrainian mobile telephone company, Closed Joint Stock Company Ukrainian Radiosystems ("URS"). In November 2005, VimpelCom acquired 100% of URS. That acquisition was delayed by approximately one year due to the actions of Plaintiff and its director nominees on the VimpelCom Board of Directors.

3. On April 14, 2008, Farimex Products, Inc. ("Farimex"), a British Virgin Islands company and VimpelCom shareholder, sued Plaintiff, Defendants, various affiliates of Defendants, and, as third parties, VimpelCom and five members of the VimpelCom Board, two of whom are nominees of Eco Telecom, in a court in Khanty-Mansiysk, Russia, asserting claims in the amount of $ 3.7 billion, based on VimpelCom's acquisition of URS. Farimex sought an order attaching the VimpelCom shares of Telenor and Defendants, which request was denied.

4. On June 20, 2008, Plaintiff filed its complaint in this case asserting that Farimex is the alter ego of Defendants, and that Defendants are violating the Shareholders Agreement by participating in the "collusive" litigation in Khanty-Mansiysk.

Briefly, the grounds for Defendants' motion to dismiss are as follows:

1. Plaintiff's claim is based on farfetched, unsupported allegations that *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) intended to weed out. As the Second Circuit has recognized, under *Twombly*, a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible". *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, No. 05 Civ. 10669(GEL), 2007 WL 2822214, at *6 (S.D.N.Y. Sept. 27, 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007).) Consistent with the arbitration clause of the Shareholders Agreement, Defendants have commenced an arbitration against Telenor concerning VimpelCom's acquisition of URS. The parties have each nominated an arbitrator, and the arbitrators are in the process of selecting the Chairman. It makes no sense to say that Defendants are avoiding arbitration by suing Telenor and themselves in Russia. Plaintiff pleads no fact sufficient to render its claim plausible, and the facts it alleges are false.

2. Plaintiff alleges no fact sufficient to find "alter ego" status between Farimex and Defendants. *See Moneygram Payment Sys., Inc. v. Consorcio Oriental*, No. 05 Civ. 10773(RMB), 2007 WL 1489806, at *7 (S.D.N.Y. 2007) (dismissing claim that individual defendant was alter ego of defendant-corporation and was therefore bound to arbitration agreement, because plaintiff failed to allege facts demonstrating that individual defendant exercised complete domination over the corporation and that such domination was used to commit a fraud or wrongdoing against Plaintiff). Plaintiff primarily relies on its allegation that Dmitry Fridman, "[t]he only known director of Farimex", is the first cousin of Mikhail Fridman, a co-founder of the Alfa Group. However, Telenor provides no factual support for that allegation other than the coincidence of the two men sharing the same last name. Plaintiffs' allegations are insufficient under *Twombly* and under the law of alter ego. *See In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003) ("[P]urely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard"); *Kalin v. Xanboo, Inc.*, 526 F.Supp.2d 392, 403-404 (S.D.N.Y. 2007) ("[C]onclusory allegations of an alter ego are insufficient to survive a motion to dismiss.")

3. Although Defendants and their VimpelCom director nominees would like the Farimex litigation to go away, this is not the right forum, and Defendants are not the parties who can give that relief. Indeed, Plaintiff does not allege facts sufficient to satisfy the test for an anti-suit injunction against foreign litigation. *See China Trade and Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987); *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 119 (2d Cir. 2007). The two threshold requirements that must be met are: the parties must be the same in both matters, and resolution of the case before the enjoining court must be dispositive of the action to be enjoined. *Karaha Bodas*, 500 F.3d at 119. Neither element is met here. Plaintiff has not adequately alleged "alter ego" status to satisfy the first element. The second element cannot be met. There is no substantive claim before this Court that concerns the merits of the underlying dispute over VimpelCom's acquisition of URS. Moreover, resolution of the Arbitration would not be dispositive of the Farimex litigation. The Farimex litigation involves claims against both Telenor and Defendants. The outcome of the Arbitration (which is based on theories of breach of contract and tort) will depend on whether Telenor caused its nominated directors to vote against the URS acquisition in November 2004. The Farimex litigation involves the entirely distinct issue of whether Defendants are somehow complicit in any harm arising from the delayed acquisition despite the fact that Defendants' director nominees voted in favor of the acquisition.

4. Even if Plaintiff had adequately alleged that Defendants are Farimex, the proper course would be for Telenor to bring a motion before the Russian court. First, in that court Telenor has been held to have been properly served, and thus is an active defendant. Second, there is nothing alleged in the complaint here that suggests that Farimex can be sued in this Court. Third, the Second Circuit has held that "parallel proceedings on the same *in personam* claim should ordinarily be allowed to proceed simultaneously, *at least until a judgment is reached*". *China Trade*, 837 F.2d at 36. Even assuming the Farimex litigation and the Arbitration are the same, and they are not, Plaintiff can raise the arbitration clause or any other defense in the Russian court. Failing to do so, Telenor cannot ask this Court to infringe upon the Russian court's sovereign jurisdiction.

Respectfully,

/s/ Ronald S. Rolfe

Ronald S. Rolfe

Hon. P. Kevin Castel
   United States District Court
     Southern District of New York
      United States Courthouse
       500 Pearl Street, Room 2260
        New York, NY 10007

BY FAX

Copies to:

Robert L. Sills, Esq.
    Orrick, Herrington & Sutcliffe LLP
      666 Fifth Avenue
        New York, NY 10103

Peter S. O'Driscoll, Esq.
    Orrick, Herrington & Sutcliffe LLP
      Tower 42, Level 35
        25 Old Borad Street
          London EC2N 1HQ
            DX: 557 London/City
              UNITED KINGDOM

BY EMAIL