UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TELENOR EAST INVEST AS,

Plaintiff,

v.

FARIMEX PRODUCTS, INC., ECO TELECOM
LIMITED and ALTIMO HOLDINGS &
INVESTMENTS LIMITED,

Defendants.

08 Civ. 5623 (PKC)
ECF CASE

**DECLARATION OF RONALD S. ROLFE IN SUPPORT OF MOTION TO DISMISS OF
ECO TELECOM LIMITED AND ALTIMO HOLDINGS & INVESTMENTS LIMITED**

I, RONALD S. ROLFE, declare as follows:

1.      I am an attorney and member of the firm Cravath, Swaine & Moore LLP,

attorneys for Defendants Altimo Holdings & Investments Limited ("Altimo") and Eco Telecom

Limited ("Eco Telecom") (together "Defendants").

2.      I submit this Declaration in support of Altimo's and Eco Telecom's Motions

to Dismiss the Complaint.

3.      Attached as Exhibit A is a true and correct copy of a press release from

Telenor ASA, the ultimate parent of Plaintiff, entitled "Telenor to Appeal Siberian Verdict in

Collusive Lawsuit Instigated by Alfa", dated August 16, 2008.

4.      Attached as Exhibit B is a true and correct copy of a letter to the Court by

Robert Sills of Orrick, Herrington & Sutcliffe LLP, dated July 11, 2008.

5.      Attached as Exhibit C is a true and correct copy and English translation of a

Certificate from Alfa Capital Holdings (Cyprus) Limited ("Alfa Capital"), showing Farimex

Products Inc.'s ("Farimex") ownership of Open Joint Stock Company Vimpel-Communications stock, which was attached to the Farimex Statement of Claim in the Farimex litigation.

6.     Attached as Exhibit D is a true and correct copy and English translation of the ruling of the Arbitration Court of the Khanty-Mansysk Autonomous Area, dated April 15, 2008.

7.     Attached as Exhibit E is a true and correct copy of a document showing Farimex's investment portfolio on deposit with Alfa Capital, which was submitted by Farimex in the Farimex litigation.

8.     Attached as Exhibit F is a true and correct copy and English translation of the minutes of a hearing of the Arbitration Court of the Khanty-Mansysk Autonomous Area, dated July 15, 2008.

9.     Attached as Exhibit G are true and correct copies of news reports describing the notice of arbitration filed by Eco Telecom against Telenor in Geneva.

10.     Attached as Exhibit H is a true and correct copy of certain pages from Alfa Capital's website.

11.     Attached as Exhibit I is a true and correct copy and English translation of the minutes of a hearing of the Arbitration Court of the Khanty-Mansysk Autonomous Area, dated June 23, 2008.

12.     A list of the documents attached to Farimex's Statement of Claim is attached to the Complaint, Exhibit E, at 22-23.

13.     Non-notarized copies of the following attachments to Farimex's Statement of Claim are available via the Internet:

      a.   Attachment 9 (www.sec.gov);

      b.   Attachment 11 (www.altimo.org);

    c.   Attachment 12 (www.alfagroup.org);

    d.   Attachment 13 (www.megafon.ru/main/affil);

    e.   Attachment 14 (www.telenor.com);

    f.   Attachment 15 (www.vimpelcom.ru);

    g.   Attachment 16 (www.telenor.com and www.vimpelcom.ru); and

    h.   Attachment 21 (http://www.bvifsc.vg/LegislationLibrary/tabid /211 /DMXModule/626/Default.aspx?EntryId=55).

14.    The following attachments are court documents relating to the Farimex litigation:  Attachments 1, 2, 29 and 30.

15.    The following attachments to Farimex's Statement of Claim are Farimex's corporate documents:  Attachments 3, 4 and 5.

16.    The following attachments to Farimex's Statement of Claim are documents otherwise available to the general public:

    a.   The information in Attachment 8 is available to "[a]ny person" pursuant to Article 348(1) of the Gibraltar Companies Act.  A true and correct copy of Article 348 of the Gibraltar Companies Act is attached hereto as Exhibit J.

    b.   According to the official website for the Brønnøysund Register Centre, an administrative agency under the Ministry of Trade and Industry in Norway, access to information in Attachment 10 is available to "everyone".  *See* http://www.brreg.no/english/registers/ entities/entities.html.

    c.   Attachment 19 is an article dated May 24, 2005 in the Ukrainian newspaper InvestGazeta.

    d.   The information in Attachments 23, 24, 25 and 26 is publicly available from the Registry of Corporate Affairs, BVI Financial Services Commission, pursuant to Article 233 of the BVI Business Companies Act of 2004, a true and correct copy of which is attached hereto as Exhibit K.

    e.   Attachment 28 is an article dated December 4, 2007 in the Russian newspaper Vedomosti.

I declare under penalty of perjury that the above is true and correct.

Executed on August 21, 2008

_____
Ronald S. Rolfe



# Telenor to appeal Siberian verdict in collusive lawsuit instigated by Alfa

**Press Service**
Tel. +47 800 80 900

**> News alerts**
Receive news alerts on e-mail.

**(Fornebu, Norway - August 16, 2008) A court in the Siberian city of Khanty-Mansiysk, Russia shortly after 2 am Saturday morning local time issued a verdict holding Telenor liable for USD 2,824,125,677 in damages plus RUR 460,000 in costs for allegedly having delayed VimpelCom's acquisition of Ukrainian Radio Systems, a small Ukrainian mobile operator. Telenor strongly believes the claimant Farimex is affiliated with the Alfa Group and that the case has no merit. Telenor is confident it will prevail in reversing the decision on appeal.**

The lawsuit, which was filed by Farimex Products, Inc., a British Virgin Islands registered company, claims that Telenor delayed VimpelCom's USD230 million acquisition of Ukrainian mobile operator URS WellCom by nearly one year.

"Today's decision comes as no surprise to us," said Jan Edvard Thygesen, Executive Vice President and head of Telenor's Central and East European operations. "This case has absolutely no merit, and there have been numerous procedural irregularities in the court's conduct of the case. We believe Farimex is affiliated with the Alfa Group and we will pursue all possible legal remedies to vacate this decision. We are confident we will prevail on appeal. In other cases involving Alfa, Russia's higher courts have overturned spurious rulings originating in regional courts with no relationship to the parties to the case," said Thygesen.

Farimex, which is incorporated in the British Virgin Islands, lists as its sole director, Dmitry Fridman, a cousin of Alfa Group Chairman Mikhail Fridman. In a Geneva arbitration claim filed in March 2008, Alfa Group subsidiary Eco Telecom made a claim against Telenor that is nearly identical to the claim made by Farimex in Khanty-Mansiysk. Telenor filed a lawsuit in US federal court in New York in June 2008 in an effort to force Farimex to arbitrate its claim in Geneva.

Although it says it owns only 25,000 VimpelCom ADRs, representing 1,250 common shares (with a current market value of approximately USD600,000 and constituting 0.002 per cent of VimpelCom's voting shares), Farimex claimed damages, initially, of nearly USD3.8 billion, increasing the amount of its claim on August 8, 2008 to just over USD 5.7 billion. In keeping with Alfa Group's time-tested strategy of collusive lawsuits, a number of Alfa entities were also named as defendants in the case, including four which have no relationship or connection to VimpelCom. The court ruled that none of these defendants had any liability, and held that Telenor was the only entity with liability in the case. The court stated that the damages should be paid to VimpelCom. Although named as a third party in Farimex's complaint, VimpelCom has not participated in the case. One of the four defendants, OAO "CT-Mobile" has its registered office in Khanty-Mansiysk, which was the only basis for Farimex to bring the case there. Khanty-Mansiysk is a remote town in Siberia, 2,759 kilometers east of Moscow, in Russia's largest oil producing province.

**About URS**
Telenor opposed VimpelCom's acquisition of URS because the acquisition was vastly overpriced and made no business sense. In addition, there was no transparency concerning the identity of the sellers of URS (who, to this day, have not been identified). URS has been unprofitable ever since VimpelCom acquired it in November 2005, losing USD4.1 million in 2005, USD61 million in 2006 and USD59.6 million in 2007 and requiring regular cash injections in order to remain in business. URS is the fourth mobile operator in the Ukrainian market, with 4.8 per cent national market share in 2007, declining to 3.8 per cent as of June 30, 2008.

Telenor owns 33.6 per cent of VimpelCom's shares of common stock and 29.9 per cent of VimpelCom's voting capital stock.

**Further information:**

Dag Melgaard, Vice President Group Communications, Telenor ASA
tel:   +47 901 92 000
e-mail:  dag.melgaard@telenor.com

© 2008 Telenor ASA   |   Contact



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NEW YORK 10103-0001

tel +1-212-506-5000
fax +1-212-506-5151
WWW.ORRICK.COM

Robert L. Sills
(212) 506-5110
rsills@orrick.com

July 11, 2008

*BY HAND*

Honorable P. Kevin Castel
United States District Judge for
   the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1581

<u>Telenor East Invest AS v. Farimex Products, Inc., Eco Telecom Limited
and Altimo Holdings & Investments Limited (08-CV-5623-PKC)</u>

Dear Judge Castel:

On behalf of Plaintiff Telenor East Invest AS ("Telenor East"), I write in response to the letter to Your Honor dated July 8, 2008 (the "July 8 Letter"), requesting a pre-motion conference on behalf of Defendants Eco Telecom Limited ("Eco Telecom") and Altimo Holdings & Investments Limited ("Altimo") (collectively, "Defendants"). For the reasons set forth below, the motion proposed by Eco Telecom and Altimo -- in effect, a motion for summary judgment before discovery -- is groundless, and will only result in a waste of effort and resources by the parties and this Court.

1.      <u>The Background of this Action</u>.  Eco Telecom has publicly disclosed that it holds 44.0001% of the voting stock of Open Joint Stock Company "Vimpel-Communications" ("VimpelCom"), and Telenor East holds 29.9%.[1]  On May 30, 2001, Telenor East and Eco Telecom entered into a shareholders agreement governing various aspects of their relationship as VimpelCom shareholders (the "Shareholders Agreement"). Eco Telecom's obligations under the Shareholders Agreement were, in turn, guaranteed by Eco Telecom's corporate parents, CTF Holdings Limited and Eco Holdings Limited (the predecessor in interest to Altimo), under a guarantee agreement dated May 30, 2001 (the "Guarantee"). The Shareholders Agreement and the Guarantee contain substantially identical (a) arbitration clauses, each calling for arbitration in Geneva under the UNICTRAL Arbitration Rules of "[a]ny and all disputes and controversies arising under, relating to or in connection with this Agreement . . ."; (b) choice of law clauses selecting New York law to govern the parties' relationship; and (c) submissions to the

---

[1] At yesterday's closing price of $26.46 per American Depository Share ("ADSs") on the New York Stock Exchange, VimpelCom had a market capitalization of approximately $27 billion.



ORRICK

Hon. P. Kevin Castel
July 11, 2008
Page 2

jurisdiction of the federal and state courts of New York for any litigation relating to any such arbitration, including "an action to compel arbitration or an application for interim, provisional or conservatory measures in connection with the arbitration."

    2.    <u>The First Geneva Arbitration</u>.  Although the Shareholders Agreement limits Eco Telecom to nominating four of the nine members of VimpelCom's board of directors (the "Board"), Eco Telecom nominated seven candidates in 2005, and refused to withdraw any of them.  Accordingly, on November 19, 2005, Telenor East commenced an arbitration against Eco Telecom and Eco Holdings to enforce the provision of the Shareholders Agreement relating to the nomination of candidates for election to the Board (the "First Geneva Arbitration").  In response, Eco Telecom asserted that this provision of the Shareholders Agreement was unenforceable, and that it had the unwaivable right, as a matter of Russian law, to nominate up to nine candidates for election to the Board.  Despite an interim award dated January 25, 2007 upholding and enforcing the Shareholders Agreement (the "Interim Award"), Eco Telecom refused to comply, and persisted in putting forward five candidates, as it had for 2006.  On April 18, 2007, on Telenor East's application, the arbitration tribunal issued an order instructing Eco Telecom to comply with the Interim Award, and to reduce the number of its candidates to four.  On May 14, 2007, Eco Telecom finally complied.  The Arbitration Tribunal's final award, rendered on January 21, 2008, re-confirmed the validity of the Shareholders Agreement, and awarded Telenor East its fees and expenses incurred in the proceedings to force Eco Telecom to comply with the Interim Award.

    3.    <u>Ukrainian Radio Systems</u>.  In 2004, Eco Telecom's nominees on the Board began actively to push for the acquisition by VimpelCom of Closed Joint Stock Company "Ukrainian Radio Systems" ("URS"), a small Ukrainian mobile operator with annual revenues of less than $4,000,000, for a proposed price of $206,000,000.  The sellers were all BVI or Cyprus corporations, whose beneficial ownership was not, and never has been, disclosed.

    Telenor East's nominees on the Board opposed VimpelCom's acquisition of URS because of the lack of transparency in the transaction, the very high purchase price relative to URS's subscriber base and revenues, and URS's poor future prospects in the Ukrainian market, where nearly all potential subscribers already had mobile telephones.  However, following a proxy contest, the acquisition was approved in September 2005 by 51.2% of VimpelCom's shareholders.  Since its acquisition by VimpelCom, URS, despite massive capital infusions, has steadily lost money, showing net losses of $59,619,000 for 2007 and $60,989,000 for 2006, according to VimpelCom's annual reports on Form 20-F, as filed with the Securities and Exchange Commission.

    4.    <u>The Second Geneva Arbitration</u>.  In the First Geneva Arbitration, on May 16, 2006, Eco Telecom filed a counterclaim alleging a breach of duty by Telenor East's nominees on



**ORRICK**

Hon. P. Kevin Castel
July 11, 2008
Page 3

the Board in connection with the URS acquisition, but later withdrew that counterclaim. However, on March 21, 2008, Eco Telecom commenced a second arbitration in Geneva against Telenor East, seeking damages of $1 billion allegedly arising from the delay caused in the URS acquisition by Telenor East's nominees to the Board (the "Second Geneva Arbitration"). As the July 8 Letter correctly states, the two party-appointed arbitrators have been designated, and are in the process of choosing a chairman.

5.     The Farimex Case. Farimex Products, Inc. ("Farimex"), is a British Virgin Islands company whose "office" is an offshore services bureau in Tortola. On or about April 14, 2008, Farimex, in its capacity as the purported owner of 25,000 VimpelCom ADSs (equivalent to 1,250 shares of common stock), brought an action against Telenor East in the commercial court of Khanty-Mansiysk, a Siberian town with a population of approximately 50,000 that is over 1,700 miles east of Moscow. The claim in the Farimex case is essentially identical to Eco Telecom's claim in the Second Geneva Arbitration, although Farimex seeks over $3.7 billion in damages. In addition to Telenor East, three former VimpelCom directors nominated by Telenor East are named as "third parties" in the complaint, and, under Russian law, can be added as defendants at any time. Altimo, Eco Telecom and four Altimo subsidiaries having no relation to VimpelCom or URS were also named as defendants.

As outlined below, one of Altimo's principal tactics in its campaign to seize Telenor's interests in their joint holdings has been to name its own affiliates as defendants in collusive proceedings, in order to create the appearance of actual litigation while able to control the outcome. Here, the only claimed basis for venue in Khanty-Mansiysk is the presence among the defendants of OAO "CT-Mobile" ("CT-Mobile"), whose legal domicile is in Khanty-Mansiysk. CT-Mobile is an Altimo subsidiary that has nothing to do with VimpelCom, URS, Eco Telecom or Telenor Mobile; rather, CT-Mobile holds Altimo's interest in another Russian mobile operator known as OAO "Megafon." To date, CT-Mobile has done essentially nothing to defend itself in the Khanty-Mansiysk case.

In the Farimex case, there have been three essentially summary hearings. At the hearing held on June 10, 2008, the court ordered VimpelCom to produce voluminous documents so that an expert to be appointed by the court could assess damages, although no hearing of any kind on the question of liability had been conducted. Then, at the hearing held on June 23, the court appointed such an expert; tellingly, that expert was nominated by Altimo, ostensibly a defendant. It now appears that the expert's report will be presented to the court at the next scheduled hearing on July 15, 2008 or shortly thereafter.

6.     The Relief Sought By Telenor East. It is clearly the case that a non-signatory may be bound to an arbitration agreement, and that among the accepted bases for doing so is that the non-signatory is the alter ego or agent of a signatory. *See Smith/Enron Cogeneration L.P. v.*



ORRICK

Hon. P. Kevin Castel
July 11, 2008
Page 4

*Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97 (2d Cir. 1999). Moreover it is settled that a court may, under such circumstances, compel arbitration against the non-signatory and enjoin foreign litigation being pursued by it. *See, e.g., Ibeto Petrochemical Ind. Ltd. v. M/T Beffen*, 475 F.3d 56, 64-65 (2d Cir. 2007).

Although nowhere mentioned in the July 8 Letter, Judge Lynch granted such relief against Altimo and another of its subsidiaries in a parallel case, which involves a dispute over the shareholders agreement between Storm LLC, an Altimo subsidiary ("Storm"), and Telenor Mobile Communications AS, an affiliate of Telenor East ("Telenor Mobile), regarding their holdings in Closed Joint Stock Company "Kyivstar G.S.M." (Kyivstar"), the largest mobile carrier in Ukraine. In that case, Judge Lynch determined that Altimo and its subsidiaries had engaged in a series of collusive litigations in the Ukrainian courts in which they appeared as both plaintiffs and defendants, in an effort to disrupt the arbitration to which Storm had agreed in the Kyivstar shareholders agreement. Accordingly, Judge Lynch granted a preliminary anti-suit injunction against Storm, the signatory to the arbitration agreement, as well as Alpren Limited, an Altimo subsidiary and Storm's immediate corporate parent, and Altimo itself. In granting that injunction, the Court found that Telenor Mobile had met its burden of showing a likelihood of success on the question of whether Altimo entities were all alter egos of each other.[2] *Storm LLC v. Telenor Mobile Comm. AS*, 2006 WL 3735657 (S.D.N.Y. December 15, 2006).

Whether or not Farimex is an alter ego of Altimo and Eco Telecom, or acting as their agent, is a question of fact, and accordingly unsuitable for a motion to dismiss. *See, e.g., MAG Portfolio Consult, GMBH v Merlin Biomed Advisors LLC,* 268 F.3d 58, 63-64 (2d Cir. 2001) (*alter ego*); *Cleveland v. Caplaw Enterprises,* 448 F.3d 518, 522 (2d Cir. 2006) (agency). The Complaint alleges that the sole officer of Farimex is Dmitry Fridman, a former Alfa Group executive and the first cousin of Mikhail Fridman, the chairman of Alfa Group; that the certification of Farimex's ADS ownership provided to the Russian court was executed by Alfa Capital, another member of the Alfa Group; that the pleadings filed by Farimex include documents that could only have been obtained through Eco Telecom or Altimo; and that the claims made and relief sought by Farimex are directed entirely against Telenor East and in favor of Eco Telecom and Altimo, and under their control, despite their ostensible status as defendants. The July 8 Letter barely addresses those allegations, other than to inaccurately describe them as "conclusory," and to assert that "the allegations by [Telenor East] are false." Far from

---

[2] Similarly, in a later opinion confirming the arbitration award involved in the Kyivstar case, Judge Lynch held that the record before the arbitrators was "more than ample" to support the arbitrators' decision to pierce Storm's corporate veil. *Telenor Mobile Communications AS v. Storm LLC,* 524 F. Supp. 2d 332, 365-67 (S.D.N.Y. 2007).



ORRICK

Hon. P. Kevin Castel
July 11, 2008
Page 5

establishing a basis for relief, that latter statement highlights the inappropriateness of a motion to dismiss.

With regard to Defendants' *Twombly* claim that Telenor East's case is "implausible," as described above, Altimo has a history of engaging in collusive litigation in attempting to appropriate assets from Telenor East and its affiliates in the Kyvistar cases.[3]  It is more than plausible that Altimo would follow the same tactics that it has in the past in an attempt to misappropriate the assets of its partner.  What is truly implausible is that a previously inactive BVI corporation would suddenly acquire 25,000 ADSs of VimpelCom, and then begin an action in a remote oil town in Siberia, seeking billions of dollars in damages against Telenor East on a derivative claim having no basis in Russian law.  Moreover, although Eco Telecom and a number of other Altimo entities are named as defendants in that case, they are doing nothing to defend themselves, other than to file *pro forma* statements of defense.  Rather, as set forth above, they are co-operating in the prosecution of the case in which they are ostensibly defendants.

Finally, Defendants argue that Telenor East's application to compel arbitration should be heard before the Khanty-Mansiyak court.  Here, however, the contract is governed by New York law, expressly provides that this court is an appropriate venue for an action to compel arbitration and for ancillary relief, and waives any claim of *forum non conveniens* in such an action.  Particularly in light of the course of the Russian proceedings to date, defendants' suggestion that proceedings here should be dismissed in favor of proceedings in Siberia is groundless, and provides no basis for a motion under Rule 12(b)(6).

Respectfully,

Robert L. Sills

Copy (by email) to
    Ronald S. Rolfe, Esq.

---

[3] In addition to the Kyivstar dispute referred to above, Alfa Group, Altimo's corporate parent, is currently engaged in a highly publicized dispute with its co-shareholder, BP plc, over TNK-BP, a major Russian oil producer.  Among the tactics being employed against BP in that case is a Siberian lawsuit brought by a small Russian brokerage known as Tetlis that owns a minuscule portion of the stock of a subsidiary of TNK-BP.  In that action, Tetlis, whose senior officers are two former Alfa Group employees, sought and obtained sweeping relief.  It is widely reported in the press that Tetlis is controlled by Alfa Group, and litigating on its behalf.



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK    )
                         )    ss
                         )
COUNTY OF NEW YORK   )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached letter from Andrey Glavatskyy,

dated April 1, 2008.

Ted Bajek, Managing Editor
Geotext Translations, Inc.

Sworn to and subscribed before me

this _20_ day of _August_, 20 _08_.

EMERSON HOFF
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6152437
Qualified in Kings County
My Commission Expires September 11, 2010

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. **tel** 212.631.7432 **fax** 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. **tel** 415.576.9500 **fax** 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom **tel** +44.(0)20.7936.9002 **fax** +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong **tel** +852.2159.9143 **fax** +852.3010.0082
translations@geotext.com  |  www.geotext.com

[See original for letterhead information.]

April 1, 2008

To Whom It May Concern

It is hereby confirmed that, from 03/31/2004 until present, FARIMEX PRODUCTS INC (BVI Company No. 1054174) has been a holder of ADR (American Depositary Receipts) securities issued for shares of Vimpel Communications OJSC of Russia.

As of 03/31/2008, the aforementioned company owns 25,000 ADRs for shares of Vimpel Communications OJSC.

Sincerely,
[signature]

Andrey Glavatskyy    [stamp:] ALFA CAPITAL HOLDINGS (CYPRUS) LIMITED

Director

[See original for text in English.]

01/04 '08 TUE 18:41 FAX &#x2610;001

# A  Alfa Capital
Holdings (Cyprus) Ltd

Registered address: Themistokli Dervi 3, Elienion Building, 2nd Floor, P.C. ..., Nicosia, Cyprus
Tel. +357 22 555200
Fax. +357 22555 80374

Administration office: Diagorism Severi 6, Kastellorizo Presidium, 3rd floor, CY-1080 Nicosia
Tel. +357 22 681768
Fax. +357 22 681305

1 апреля 2008 г.

Справка о состоянии счета депо депозитария по месту требования

Настоящим подтверждается, что компания FARIMEX PRODUCTS, INC (BVI Company number 1054174) начиная с 31.03.2004 по настоящее время является владельцем ценных бумаг – ADR (американские депозитарные расписки), выпущенных на акции российского ОАО "Вымпел-Коммуникации".

По состоянию на 31.03.2008 указанной компании принадлежит 25 000 американских депозитарных расписок на акции ОАО "Вымпел-Коммуникации".

С уважением,

Андрей Главацкий
Директор

*(stamp: ALFA CAPITAL HOLDINGS (CYPRUS) LIMITED)*



**G E O T E X T**
Translations, Inc.

STATE OF NEW YORK    )
                         )
                         )   ss
COUNTY OF NEW YORK  )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached Determination in Case No.

A75-2374/2008, dated April 15, 2008.

Evan Finch, Senior Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this _22nd_ day of August, 20 08.

VALBONA BURDA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU6170590
Qualified in Richmond County
My Commission Expires July 09, 2011

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. **tel** 212.631.7432 **fax** 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. **tel** 415.576.9500 **fax** 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom **tel** +44.(0)20.7936.9002 **fax** +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong **tel** +852.2159.9143 **fax** +852.3010.0082
translations@geotext.com  |  www.geotext.com

[stamp:] COPY

[emblem]
## ARBITRATION COURT OF THE
## KHANTY-MANSI AUTONOMOUS DISTRICT
54/1 Lenina St., Khanty-Mansiysk, 628012, Tyumen Region,
Khanty-Mansi Autonomous Area, Russia, tel.: 3-10-34

## DETERMINATION

**City of Khanty-Mansiysk**                                    **Case # A75-2374/2008**

April 15, 2008

Having considered the motion for imposing injunctive relief by Farimex Products, Inc.,
Judge
E.A. Karankevich

### HAS ESTABLISHED THAT:

Farimex Products, Inc. filed a claim with the Arbitration Court of the Khanty-Mansi Autonomous District against Eco Telecom Limited, Altimo Holdings & Investments Ltd., Avenue Limited, Janow Properties Limited, Santel Limited and Telenor East Invest AS for collection of USD 3,797,818,500.

The claim was accepted for processing based on the determination of the Court of April 15, 2008.

Simultaneously with the claim, the Claimant also filed a motion for imposing:
- injunctive relief by seizing 18,964,799 ordinary registered shares and 6,426,600 type A preference shares of OJSC Vimpel-Kommunikatsii held by Eco Telecom Limited and 17,254,579 ordinary registered shares of OJSC Vimpel-Kommunikatsii held by Telenor East Invest SA.

Stated grounds for the motion were that failure to impose injunctive relief could make it difficult or impossible to enforce any court order in the future and cause further significant damages to the Claimant.

In accordance with Article 90.2 of the Arbitration Procedural Code of the Russian Federation, injunctive relief is allowed at any stage of arbitration proceedings to prevent any significant damages to the applicant and if failure to impose injunctive relief can impede or render impossible the enforcement of a court order.

Pursuant to paragraph 9 Resolution No. 55 of October 12, 2006 of the Plenary Session of the RF Supreme Arbitration Court, in accordance with Article 90.2 of the RF Arbitration Procedural Code, injunctive relief shall be allowed at any stage of arbitration proceedings if any of the following two grounds exist: 1) if failure to impose injunctive relief can impede or render impossible the enforcement of a court order, including if such enforcement is envisioned outside the territory of the Russian Federation; or 2) in order to prevent extensive damages to the applicant.

[stamp:] D.S. Chorny,                          [stamp:] True copy
Representative of Farimex Products, Inc.        [signature]

The enforcement of a court order can be impeded or rendered impossible by the fact that the debtor has no property or through actions taken to decrease the amount of such property.

In order to prevent extensive damages to the applicant, injunctive relief may be imposed to preserve the current status quo between the parties.

Given the fact that injunctive relief is imposed if determined to be justified, the arbitration court shall deem a motion for imposing injunctive relief to be justified only if there is evidence of the existence of at least one of the grounds provided for in Article 90.2 of the RF Arbitration Procedural Code.

The Claimant failed to provide documentary evidence in support of its motion in violation of the requirements of Articles 90, 91 and 92 of the Arbitration Procedural Code of the Russian Federation, and the arguments set forth in the motion are of hypothetical nature.

Considering the above, the Court finds no grounds to grant the motion as filed.

Pursuant to Articles 91 and 93 of the RF Arbitration Procedural Code,

## HAS DETERMINED THAT:

The motion filed by Farimex Products, Inc. for imposing injunctive relief by seizing:
- 18,964,799 ordinary registered shares and 6,426,600 type A preference shares of OJSC Vimpel-Kommunikatsii held by Eco Telecom Limited and 17,254,579 ordinary registered shares of OJSC Vimpel-Kommunikatsii held by Telenor East Invest SA shall be dismissed.

This Determination may be appealed with the arbitration court of appeals.

Judge E.A.                           Signature                           Karankevich


[stamp:] True copy,
*April 17, 2008*
Secretary of Judicial Session,
Arbitration Court of the
Khanty-Mansi Autonomous District
Signature [signature] [illegible]

[seal:] Clerical Correspondence Department,
Arbitration Court of the Khanty-Mansi Autonomous District


[stamp:] D.S. Chorny,                    [stamp:] True copy
Representative of Farimex Products, Inc.    [signature]

[stamp:] Arbitration Court of the
Khanty-Mansi Autonomous District
Our ref. # *572*
*April 19, 2008*
Dispatcher
Signature [signature] [illegible]




**КОПИЯ**

**АРБИТРАЖНЫЙ СУД**

**ХАНТЫ-МАНСИЙСКОГО АВТОНОМНОГО ОКРУГА**

628012, Тюменская область, г.Ханты-Мансийск
ул.Ленина 54/1, тел. 3-10-34

**ОПРЕДЕЛЕНИЕ**

город Ханты-Мансийск                                    Дело № А75-2374/2008

«15» апреля 2008 г.

Судья Каранкевич Е.А.
рассмотрев заявление Компании «Фэрымекс Продактс,Инк.»
о принятии мер по обеспечению иска

установил:

Компания «Фэрымекс Продактс,Инк. » обратилась в Арбитражный суд Ханты-Мансийского автономного округа с исковым заявлением к Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД», Компания «Алтимо Холдинге энд Инвестменте Лтд», Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД», Компании «Телснор Ист Инвест АС» о взыскании 3 797 818 500 долларов США.

Определением суда от 15 апреля 2008 года исковое заявление принято к производству.

Одновременно с предъявлением иска истцом заявлено ходатайство об обеспечении иска путем:
- наложения ареста на 18 964 799 штук обыкновенных именных акций и 6 426 600 штук привилегированных акций типа А ОАО « Вымпел-Коммуникации», принадлежащие компании «Эко Телеком Лимитед» и 17 254 579 штук обыкновенных именных акций ОАО «Вымпел-Коммуникации», принадлежащих компании «Телснор Ист Инвест АС».

Ходатайство мотивировано тем, что непринятие обеспечительных мер может затруднить или сделать невозможным исполнение в будущем судебного акта, и причинения дальнейшего значительного ущерба истцу.

В соответствии с п. 2 ст. 90 Арбитражного процессуального кодекса Российской Федерации обеспечительные меры допускаются на любой стадии арбитражного процесса, в целях предотвращения причинения значительного ущерба заявителю и если непринятие обеспечительных мер может затруднить или сделать невозможным исполнение судебного акта.

Согласно пункта 9 Постановления Пленума Высшего Арбитражного суда Российской Федерации от 12 октября 2006 года № 55, в соответствии с частью 2 статьи 90 АПК РФ обеспечительные меры допускаются на любой стадии процесса в случае наличия одного из следующих оснований: 1) если непринятие этих мер может затруднить или сделать невозможным исполнение судебного акта, в том числе если исполнение судебного акта предполагается за пределами Российской Федерации; 2) в целях предотвращения причинения значительного ущерба заявителю.

ПРЕДСТАВИТЕЛЬ
- ФЭРЬМЕКС
ПРОДАКТС ИНК -
ЧЕРНЫЙ Д.С.

КОПИЯ ВЕРНА

Затруднительный характер исполнения судебного акта либо невозможность его исполнения могут быть связаны с отсутствием имущества у должника, действиями, предпринимаемыми для уменьшения объема имущества.

В целях предотвращения причинения значительного ущерба заявителю обеспечительные меры могут быть направлены на сохранение существующего состояния отношений (status quo) между сторонами.

Учитывая, что обеспечительные меры применяются при условии обоснованности, арбитражный суд признает заявление стороны о применении обеспечительных мер обоснованным, если имеются доказательства, подтверждающие наличие хотя бы одного из оснований, предусмотренных частью 2 статьи 90 Арбитражного процессуального кодекса Российской Федерации.

В нарушение требований ст. 90, 91, 92 Арбитражного процессуального кодекса Российской Федерации истцом не представлено документального обоснования заявленного ходатайства, изложенные в заявлении доводы носят предположительный характер.

Учитывая, изложенное, суд не находит оснований для удовлетворения ходатайства в заявленном виде.

Руководствуясь ст. 91, ст. 93 Арбитражного процессуального кодекса Российской Федерации,

### ОПРЕДЕЛИЛ:

В удовлетворении ходатайства Компании «Фэрэмекс Продактс,Инк.» о принятии обеспечительных мер в виде:
- наложения ареста на 18 964 799 штук обыкновенных именных акций и 6 426 600 штук привилегированных акций типа А ОАО « Вымпел-Коммуникации», принадлежащие компании «Эко Телеком Лимитед» и 17 254 579 штук обыкновенных именных акций ОАО «Вымпел-Коммуникации», принадлежащих компании «Теленор Ист Инвест АС»-отказать.

На определение может быть подана апелляционная жалоба в арбитражный суд апелляционной инстанции

Судья                           Подпись

                                                Е.А.Каранкевич





ПРЕДСТАВИТЕЛЬ
«ФЭРЬМЕКС
ПРОДАКТС ИНК»
ЧЕРНЫЙ Д. С.



## Extract on cash operations under the period from 22.04.2008 to 22.04.2008

The client: **Farimex Products, INC**
The contract: **HS-43/ACC/03 от 31.10.03**
Depo account: **6840-S-2906**

### Currency of the account    USD

Opening cash balance:    −4,537,436.55

| ' | Date | + Receipt − Expenditure | Comments | Number | Type | Issuer | Quantity |
|---|------|------------------------|----------|--------|------|--------|----------|
| | | | | Order | | | |
| 1 | 22.04.2008 | −715.00 | Broker's remuneration is withdrawn 451/18-04-08 18-04-2008 | HS-43/ACC/03-545 dated 18-04-2008 | To buy | Silvinit, preferred | 500 |
| 2 | 22.04.2008 | −24.00 | Services payment is withdrawn 451/18-04-08 18-04-2008 | HS-43/ACC/03-545 dated 18-04-2008 | To buy | Silvinit, preferred | 500 |
| 3 | 22.04.2008 | −357,500.00 | P&S Agreement amount for purchase is withdrawn 451/18-04-08 18-04-2008 | HS-43/ACC/03-545 dated 18-04-2008 | To buy | Silvinit, preferred | 500 |
| | | −358,239.00 | | | | | |

Closing cash balance:    −4,895,675.55

| | |
|---|---|
| Funds received | 0.00 |
| Funds withdrawal | 0.00 |
| Purchase of securities | −357,500.00 |
| Sale of securities | 0.00 |
| Retained securities fee | −715.00 |
| Credit fee | 0.00 |
| Services payment withdrawal | −24.00 |
| Dividends received | 0.00 |
| Dividend tax | 0.00 |
| Coupon payment received | 0.00 |
| Receipt of payment for cash amount balance | 0.00 |
| Transfer of funds to another account | 0.00 |

| № | Issuer | Type | ISIN Code | + Receipt − Expenditure | Price per share | Total price | Number | Registration Date | Balance |
|---|--------|------|-----------|-------------------------|-----------------|-------------|--------|-------------------|---------|
| 1 | Silvinit | preferred | RU0006936200 | 500.00 | 715.000000 USD | 357500.00 USD | HS-43/ACC/03-545 2008-04-18 | 22.04.2008 | 700.00 |

Exec. Olga Pravosud
7 (495) 795-36-33, 788-03-60



| Issuer | Opening Balance | Closing Balance | Market Value |
|---|---|---|---|
| Eurasian Natural Resources Corporation, common | 10,000 | 10,000 | 254,270.57 |
| Highland Gold Mining Limited, common | 100,000 | 100,000 | 395,136.90 |
| Magnitogorsk metallurgy, common | 500,000 | 500,000 | 650,000.00 |
| Nizhnekamskshina, common | 15,000 | 15,000 | 31,500.00 |
| NOVATEK OJSC, GDR | 10,000 | 10,000 | 765,000.00 |
| OJSC "GMK "Norilsk Nikel", common | 12,000 | 12,000 | 3,479,782.20 |
| OJSC "Mosenergosbyt", common | 15,000,000 | 15,000,000 | 354,705.00 |
| Priargunsk industrial mining-chemical association, common | 1,036 | 1,036 | 543,900.00 |
| Rostelecom, preferred | 150,000 | 150,000 | 358,536.75 |
| Sberbank, common | 750,000 | 750,000 | 2,392,481.25 |
| Silvinit, preferred | 200 | 700 | 511,000.00 |
| TNK-BP Holding, common | 200,000 | 200,000 | 384,000.00 |
| TNK-BP Holding, preferred | 145,000 | 145,000 | 224,750.00 |
| Ufaneftekhim, preferred | 150,000 | 150,000 | 262,500.00 |
| Unified Energy, common | 7,750,000 | 7,750,000 | 7,290,556.75 |
| Vimpel-Communications, ADR Level-3 | 25,000 | 25,000 | 764,500.00 |

Date and time of issue: 28.04.2008   11:23:59

On behalf of Alfa Capital Holdings (Cyprus) Limited

**Director Andriy Glavatskyy**







Signed and sealed this day in my presence
by....Andriy.....Glavatskyy...........................
..........Nicosis. Cyp..............................
who is/are personally known to me. In testimony
whereof I have hereto set my hand and official
seal this......28ᵗʰ.day of ...April.2008........
Glavatsky.
(A. S. Savvides)
Certifying Officer, Nicosia, Cyprus

**ANTHOULIS S. SAVVIDES**

2 9 APR 2008

(SG) K. SPYROU

Exec. Olga Pravosud
7 (495) 795-36-33, 788-03-60



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK      )
                             )
                             )     ss
COUNTY OF NEW YORK    )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached Record of Proceedings, dated

July 15, 2008.


Ted Bajek, Managing Editor
Geotext Translations, Inc.


Sworn to and subscribed before me

this _20_ day of _August_, 20 _08_.


EMERSON HOFF
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6152437
Qualified in Kings County
My Commission Expires September 11, 2010

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. **tel** 212.631.7432 **fax** 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. **tel** 415.576.9500 **fax** 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom **tel** +44.(0)20.7936.9002 **fax** +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong **tel** +852.2159.9143 **fax** +852.3010.0082
translations@geotext.com  |  www.geotext.com

[emblem]

## ARBITRATION COURT OF KHANTY-MANSI
### AUTONOMOUS DISTRICT—YUGRA
628012, Tyumen Province, City of Khanty-Mansiysk
54/1 Lenin Street http://hmao.arbitr.ru, Tel: 3-10-34

## RECORD OF PROCEEDINGS
Of the Hearing of the Lower Court of Arbitration

City of Khanty-Mansiysk                    Case No. A75-2374/2008
July 15, 2008
The Arbitration Court of the Khanty-Mansi Autonomous District in a panel consisting of
Judge Ye.A. Karankevich,
And the record of proceeding being kept by the judge's clerk, R.B. Nazmetdinova, is holding a hearing
to consider the claim of Ferimex Products Inc. against ECO TELECOM LIMITED, Altimo Holdings
and Investments Ltd., AVENUE LIMITED, JENAU PROPERTIES LIMITED, SENTEL LIMITED,
Telenor East Invest AS, and TsT-Mobile OJSC
Third parties: Vimpel Communications OJSC, Mikhail Fridman, Aleksey Reznikovich, Arve Johansen,
Fridtjof Rusten and Henrik Torgersen
For recovery of USD3,797,818,500
Participation:
For the claimant: D.S. Cherny, license No. 8142, power of attorney of 03/31/2008.
For the respondents:
ECO TELECOM LIMITED—M.A. Yaremenko, power of attorney of 04/29/2008, passport 4607 No.
656140, D.I. Stepanov, license No. 4575 of 03/27/2003, power of attorney of 04/29/2008
Altimo Holdings and Investments Ltd.—V.V. Yegorov, passport 4506 No. 326008, power of attorney
of 03/25/2008;
AVENUE LIMITED, JENAU PROPERTIES LIMITED, SENTEL LIMITED—S.V. Minakova,
passport 4602 No. 437991, power of attorney of 05/06/2008;
Telenor East Invest AS—I.V. Zaychenko, license No. 8900, power of attorney of 07/04/2008, M.M.
Emelyanov, passport 4606 No. 589401, power of attorney of 07/04/2008, G.P. Chernyshov, license
No. 3656, power of attorney of 07/04/2008;
TsT-Mobile OJSC—D.V. Durashkin, license No. 3921, power of attorney of 02/08/2008
For the third parties:
Vimpel Communications OJSC—no appearance,
Mikhail Fridman—no appearance,
Aleksey Reznikovich—no appearance,
Arve Johansen—A.A. Lyapin, passport 0503 No. 327220, power of attorney of 05/07/2008;
Fridtjof Rusten—K.K. Kasyan, passport 4503 No. 846597, power of attorney of 05/07/2008;
Henrik Torgersen—no appearance;

The court session opened on 07/15/2008 at 10:30 a.m.

The judge announced the case to be considered, the name of the arbitration court and its panel; it was announced that the record of proceedings is kept by the judge's clerk, R.B. Nazmetdinova and that the proceedings are being audio recorded.

The presiding judge explained to the parties involved in the case their rights to challenge.

No challenges were submitted.

The presiding judge explained to the parties involved in the case their procedural rights and obligations.

The rights and obligations are clear.

Counsel for the respondent Telenor East Invest AS expressed the following opinion: "Is it possible to verify first that all parties have been duly notified in order to submit any motions or challenges after that."

Counsel for the claimant produced documents concerning his obligations assigned by a court ruling to notify the parties in the case, as well as documents confirming the cash deposits into the court's deposit account.

The court announced the documents produced.

Counsel for the respondent Telenor East Invest AS and [counsel] for the third party, Fridtjof Rusten, reviewed the documents produced.

Counsel for the third party, Fridtjof Rusten, indicated that the third party Henrik Torgersen was not duly notified.

The parties were asked if they had any submissions or motions to make.

Counsel for the third party Fridtjof Rusten made a motion to adjourn the hearing due to the failure to notify the third party Henrik Torgersen and remarked: "Henrik Torgersen should not be notified at the physical address of Vimpel Communications OJSC as he is not a member of the board of directors of that company. Mr. Torgersen is a foreign citizen and we ask that he be notified at his place of residence."

To the question of the court: "Do you confirm that he does not reside on the territory of the Russian Federation?" counsel for the third party Fridtjof Rusten remarked: "We confirm."

To the question of the court: "Do you have Torgersen's address?" counsel for the third party Fridtjof Rusten remarked: "No, we don't have this information."

Appearances of the parties involved in the case and their counsel are being checked.

The third parties Henrik Torgersen, Vimpel Communications OJSC, Mikhail Fridman and Aleksey Reznikovich, did not appear at the hearing.

Counsel for the claimant objected to the submitted motion and pointed out that, due to the fact that Mr. Torgersen was involved in the actions in connection with which a claim has been filed and was a member of the board of directors of the company, there are no grounds for his notification at addresses other than the company's address.

To the question of the counsel for the respondent Telenor East Invest AS: "Where is it written that you have a right to notify an individual at the physical address of the legal entity where he is a member of the managing body and on what article of the Code of Arbitration Procedure do you base this?" counsel for the claimant remarked: "Article 121 of the RF Code of Arbitration Procedure. We have no further information whatsoever about the place of residence of Torgersen and we acted based on the premise that he is in Russia."

Counsel for the respondent Telenor East Invest AS remarked: "The claimant is grossly violating the standards of the Code of Arbitration Procedure cited by believing that Mr. Torgersen resides at his work place, namely in the office of Vimpel Communications, and the claimant wants to put this thought across to the court."

To the question of the counsel for the respondent Telenor East Invest AS: "On what evidence do you base your assertion that Torgersen is a member of the company's board of directors?" counsel for the claimant remarked: "There is a basis to believe that he has not resigned. We

do not have any other choice but to notify at the address of the company as he, being a member of the company's board of directors, committed unlawful actions, which have led to losses for the company."

Counsel for the respondent Telenor East Invest AS remarked: "The law does not provide for an obligation on the part of the respondent to notify the parties involved in a case. The third party has not been notified, in accordance with the imperative requirement of the Code of Arbitration Procedure, the notice must be sent to the place of residence. The claimant has not presented any evidence that the place, at which the claimant has notified the third party, is a place of residence of an individual. This court session can't be opened since fundamental rules of the Code of Arbitration Procedure have been violated, and proceeding further with the hearing would be a gross violation of the standards of the Code of Arbitration Procedure."

To the question of the court whether there is official information that Torgersen is not a member of the board of directors of the company and does not reside in the Russian Federation, counsel for the respondent Telenor East Invest AS remarked: "It is known to me, written evidence has been submitted in the receipt. It is the claimant who must prove the address, not we."

Counsel for the third party Fridtjof Rusten remarked: "It is possible to find information on the company's website, which lists only nine members of the board of directors, and Torgersen is not listed as a member of the board of directors."

Counsel for the respondent ECO TELECOM LIMITED supports the claimant by pointing out that the motion submitted leads to a delay in the proceedings.

Counsel for the claimant makes a motion to admit additional documents into evidence.

The parties did not object to the motion submitted by the claimant.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the third party Fridtjof Rusten declared and insisted that the submitted motion to adjourn the hearing be considered after hearing all opinions of the parties regarding that motion.

Counsel for the respondent Telenor East Invest AS declared and insisted that the submitted motion to adjourn the hearing be considered after hearing all opinions of the parties regarding that motion.

To the question of counsel for the respondent Altimo Holdings and Investments Ltd., "As of what date did you hold 25,000 ADRs?" counsel for the claimant remarked: "As of 04/01/2008, as of 04/30/2008, we held 25,000 ADRs."

Counsel for the respondent Telenor East Invest AS asked to obligate the claimant to produce documents confirming the amount of ADRs.

Counsel for the claimant remarked that they can produce the necessary documents.

The parties involved in the case were asked if they had any submissions or motions to make.

Counsel for the respondent Telenor East Invest AS submitted to recuse the judge based on the arguments contained in the submission.

The court announced a recess in the hearing.

The hearing was resumed.

The submission to recuse the judge is considered by the presiding judge of the second bench, i.e., Judge G.P. Lysenko.

Counsel for the respondent Telenor East Invest AS presented the arguments based on which he challenged the judge.

Counsel for the third party Fridtjof Rusten affirmed the submission of the respondent.

Counsel for the claimant objected to the submitted demand and believes that all demands of the respondent at aimed at delaying the proceedings.

The judge heard the opinion of the parties regarding the submission.

The judge remained in the court room.

The judge ruled.

The hearing is to proceed further.

A 30-minute recess in the hearing was announced.

The hearing was resumed at the appointed time.

The parties involved in the case were asked if they had any submissions or motions to make.

Counsel for the claimant made a motion to implead Vimpel Communications OJSC as a third party.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a submission with an additional document, i.e., the opinion of Professor Sherstyuk that the respondent's involvement in the proceedings does not mean admission of the jurisdiction of the Arbitration Court of the Khanty-Mansi Autonomous District—Yurgy to consider this claim.

Counsel for the parties reviewed the submission presented.

Counsel for the claimant objected to the inclusion of the document—opinion of Professor Sherstuyk into the case file as inadmissible and left the submission of the respondent to the court's discretion.

Counsel for the respondent ECO TELECOM LIMITED supports the claimant and objects to the inclusion of the opinion of Professor Sherstyuk into the case file as non-compliant with the requirements of the Code of Arbitration Procedure regarding evidence.

Counsel for the respondent Telenor East Invest AS remarked: "In our submission, we refer to this document, and this is why we are making a motion to include it in the case file."

To the question of counsel for the claimant, counsel for the respondent Telenor East Invest AS remarked: "This document does not constitute evidence, this document constitutes an integral part of a submission. We are entitled to make a submission both verbally and in writing."

Counsel for the claimant remarked: "This document should not be included in the case file as inadmissible and irrelevant to the case file."

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a submission to inform the court of the existence of judicial proceedings in New York.

Counsel for the parties reviewed the submission made.

To the question of counsel for the claimant as to whether there is any evidence to the existence of judicial proceedings, counsel for the respondent Telenor East Invest AS remarked: "We are limiting ourselves to making the submission."

Counsel for the claimant remarked with respect to this submission: "The right of the parties to make submissions is not limited by anything, and I cannot say whether there is a case or not. This submission is not pertinent to the merits of the hearing of this case."

There are no other remarks.

The parties involved in the case were asked if they had any submissions or motions to make.

Counsel for the respondent Telenor East Invest AS made a motion to change the venue of the case to the Moscow City Arbitration Court, based on the arguments presented in the submission.

Counsel for the parties reviewed the motion made.

Counsel for the claimant objected to the motion made and pointed out that the jurisdiction of the case was decided pursuant to the standards of the RF Code of Arbitration Procedure and [the motion] is aimed at delaying the proceedings.

Counsel for the respondent TsT Mobile OJSC affirmed the motion made and pointed out that TsT Mobile OJSC was not a stockholder of Vimpel Communications OJSC.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a motion to dismiss the claim based on the arguments presented in the motion.

Counsel for the parties reviewed the motion made.

Counsel for the claimant remarked that the original power of attorney bears a seal and signature.

Counsel for the respondent Telenor East Invest AS reviewed the original power of attorney of counsel for the claimant and pointed out that the name of the entity is illegible and there is no evidence that this is the seal of FARIMEX PRODUCTS INC.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a motion to terminate proceedings in the case on the grounds of Article 150(1)(1) of the RF Code of Arbitration Procedure, based on the arguments presented in the motion.

Counsel for the claimant objected to the motion made.

There are no other opinions of the parties.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a motion to hear the case before an arbitration jury and pointed out that this motion must be considered after hearing the opinions of the parties regarding the motion made.

Counsel for the parties reviewed the motion made.

Counsel for the claimant requested a recess to prepare a response to the motion made.

To the question of counsel for the respondent ECO TELECOM LIMITED, counsel for the respondent Telenor East Invest AS remarked: "The court selects members of the arbitration jury independently. At present, we are not ready to submit our choice."

Counsel for the claimant objected to the motion made, believes that it is made for the purpose of delaying the proceedings, and is asking for a recess in order to prepare a substantiated response and in order for the respondent to propose an arbitration jury.

Counsel for the respondent Telenor East Invest AS remarked: "We need one week to prepare proposals for an arbitration jury."

There are no objections to a recess.

The court announced a 15-minute recess.

The hearing was resumed at the appointed time.

Counsel for the claimant objected to the motion made and pointed out that the motion made is aimed at delaying the proceedings in this case as the respondent has not proposed members of the arbitration jury.

Counsel for the respondent Telenor East Invest AS requests that the motion be granted and requests that the motion be considered after the opinions of the parties regarding this motion have been heard.

Counsel for the respondent ECO TELECOM LIMITED objects to the motion made and believes that this is a court hearing.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a motion that the case be heard in separate court hearings, based on the arguments presented in the motion.

Counsel for the claimant objected to the motion made.

There are no other opinions of the parties.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the respondent Telenor East Invest AS made a motion to appoint an expert examination, points out that the appointment of an expert examination grossly violates the standards of the Code of Arbitration Procedure and the rights of the respondent which was not duly notified.

Counsel for the parties reviewed the motion made.

Counsel for the claimant remarked: "The party is entitled to make submissions, but there is no violation."

The parties involved in the case were asked if they had any submissions or motions to make.

Counsel for the respondent Telenor East Invest AS made a motion to adjourn the hearing for the purpose of examination of the documents produced, based on the arguments presented in the motion.

Counsel for the claimant left the resolution of the motion to the court's discretion, but believes one month to be too long a timeframe.

There are no other opinions of the parties.

The court announced that this motion will be considered after all motions in the case have been heard.

The parties involved in the case were asked if they had any submissions or motions to make.

Counsel for the third party Fridtjof Rusten made a motion to adjourn the hearing for the purpose of examination of the documents produced, based on the arguments presented in the motion.

Counsel for the respondent ECO TELECOM LIMITED affirmed the motions made.

Counsel for the claimant left the resolution of the motion to the court's discretion, but believes one month to be too long a timeframe.

Counsel for the respondents AVENUE LIMITED, JENAU PROPERTIES LIMITED and SENTEL LIMITED affirmed the motions made.

The parties involved in the case were asked if they had any submissions or motions to make.

The court announced that this motion will be considered after all motions in the case have been heard.

Counsel for the third party Fridtjof Rusten made a motion that the claimant present the originals of the documents submitted into evidence in copies, for the purpose of their viewing by the court and the parties in the case.

Counsel for the respondent Telenor East Invest AS affirmed the motion made.

Counsel for the claimant remarked that they have no objections to the motion and that they can produce the requested documents, but the party making the motion must decide on a list of specific documents; they are leaving the resolution to the court's discretion.

To the question of the court: "Do you insist on the production of all documents submitted into evidence in copies?" counsel for the third party Fridtjof Rusten remarked: "We insist on production of the original documents for the purpose of comparing them to the copies."

Counsel for the claimant remarked: "If the third party has any doubts as to the authenticity of the documents, the third party may make a submission of forgery pursuant to Article 161 of the RF Code of Arbitration Procedure, as said submission imposes liability, including criminal, on the submitting party. If you have any doubts, make a submission of forgery."

The parties involved in the case were asked if they had any submissions or motions to make.

Counsel for the respondent ECO TELECOM LIMITED made a submission to read out the operative part of the expert opinion.

The court read the findings of the experts; answers to the questions raised.

No questions.

No addendums or comments.

The judge announced that consideration of the motions in the case is concluded. The court retires for the purpose of rendering decisions.

The operating part of the ruling is announced.

The court hearing ends on 07/15/2008 at 6:10 p.m.

The record of proceedings was prepared on 07/15/2008.

Judge: _____[signature]_____ Ye.A. Karankevich
                            (signature)

Judge's Clerk: _____[signature]_____R.B. Nazmetdinova
                            (signature)



## АРБИТРАЖНЫЙ СУД ХАНТЫ-МАНСИЙСКОГО АВТОНОМНОГО ОКРУГА-ЮГРЫ

628012, Тюменская область, г.Ханты-Мансийск
ул.Ленина 54/1, http://hmao.arbitr.ru. тел. 3-10-34

### П Р О Т О К О Л
судебного заседания арбитражного суда первой инстанции

г.Ханты-Мансийск

«15» июля 2008 года                  Дело № А75-2374/2008

Арбитражный суд ХМАО-Югры в составе
Судьи Каранкевича Е.А.

при ведении протокола судебного заседания помощником судьи Назметдиновой Р.Б.
рассматривает в судебном заседании заявление Компании «Фэримекс Продактс.Инк.»
к Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД», Компании «Алтимо Холдингс энд
Инвестменте Лтд.», Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ
ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД», Компании «Теленор Ист Инвест АС»,
ОАО ЦТ-Мобайл»

третьи лица: ОАО «Вымпел-Коммуникации», Михаил Фридман, Алексей Резникович,
Арве Йохансен, Фритьеф Рюстен, Хенрик Торгерсен
о взыскании 3 797 818 500 долл. США

при участии

от истца: Черный Д.С., уд.№ 8142, доверенность от 31.03.2008г.

от ответчиков:

Компания «ЭКО ТЕЛЕКОМ ЛИМИТЕД»- Яременко М.А., доверенность от 29.04.2008г.,
паспорт 4607 №656140, Степанов Д.И., удост.№4575 от 27.03.2003г., доверенность от
29.04.2008г.

Компания «Алтимо Холдингс энд Инвестменте Лтд.»- Егоров В.В., паспорт 4506
№326008, доверенность от 25.03.2008г.;

Компания АВЕНЮ ЛИМИТЕД», Компания «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД»,
Компания «СЭНТЭЛ ЛИМИТЕД»- Минакова С.В., паспорт 4602 №437991 , доверенность
от 06.05.2008г.;

Компания «Теленор Ист Инвест АС»- Зайченко И.В., уд.№ 8900, доверенность от
04.07.2008, Емельянов М .М. паспорт 4606 № 589401, доверенность от 04.07.2008,
Чернышов Г.П. уд.№ 3656, доверенность от 04.07.2008;

ОАО «ЦТ-Мобайл»-Дурашкин Д.В., уд.№3921, доверенность от 08.02.2008г.,

от третьих лиц:

ОАО «Вымпел-Коммуникации»- не явились,

Михаил Фридман- не явились,

Алексей Резникович- не явились;

Арве Йохансен- Ляпин А.А. паспорт 0503 №327220, доверенность от 07.05.2008г.;

Фритьеф Рюстен- Касьян К.К., паспорт 4503 №846597, доверенность от 07.05.2008г.

Хенрик Торгерсен- не явились;

Судебное заседание открыто 15.07.2008          10 часов 30 минут

Судья объявил, какое дело подлежит рассмотрению, наименование арбитражного суда и его состав, объявлено, что протокол судебного заседания ведет помощник судьи Назметдинова Р.Б., в судебном заседании ведется аудиозапись.

Лицам, участвующим в деле, председательствующим разъяснены их права заявлять отводы.

Отводов не заявлено.

Лицам, участвующим в деле, председательствующим разъяснены их процессуальные права и обязанности.

Права и обязанности ясны.

Представитель ответчика Компании «Теленор Ист Инвест АС» выразил мнение : «Можно ли  сначала удостовериться, что все лица уведомлены надлежащим образом, чтобы затем заявлять какие-либо ходатайства, отводы».

Представитель истца представил документы, касающиеся возложенных на него определением суда обязательств об уведомлении сторон по делу, а также документы, подтверждающие внесение денежных средств на депозитный счет суда.

Суд огласил представленные документы.

Представитель ответчика Компании «Теленор Ист Инвест АС», третьего лица Фритьефа Рюстена ознакомились с представленными документами.

Представитель третьего лица - Фритьефа Рюстена указал на то, что третье лицо Хенрик Торгерсен не извещен надлежащим образом.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель третьего лица Фритьефа  Рюстена заявил ходатайство об отложении  судебного заседания, в связи с неизвещением третьего лица Хенрика Торгерсена, пояснил: «Хенрик Торгерсен не должен уведомляться по адресу нахождения ОАО «Вымпел-Коммуникации», поскольку он не является членом директоров общества. Господин Торгерсен является иностранным гражданином, и просим его уведомить по месту его жительства».

На вопрос суда, утверждаете ли Вы, что он не проживает на территории РФ, представитель третьего лица Фритьефа Рюстена пояснил: « Мы утверждаем».

На вопрос суда, есть ли у Вас адрес Торгерсена, представитель третьего лица Фритьефа Рюстена пояснил: « Нет, у нас такой информации ».

Проверяется явка  в судебное заседание, лиц, участвующих в деле, их представителей.

Третьи лица- Хенрик Торгерсен, ОАО «Вымпел-Коммуникации», Михаил Фридман, Алексей Резникович в судебное заседание не явились.

Представитель истца возразил против заявленного ходатайства и указывает на то, что в связи с тем , что господин Торгерсен участвовал в действиях, в связи с которыми был подан иск  и являлся членом директоров общества, оснований для уведомления его по другим адресам, кроме как по адресу общества, нет.

На вопрос представителя ответчика Компании «Теленор Ист Инвест АС», где написано, что вы вправе уведомлять физическое лицо по месту нахождения организации, где он состоит членом органа управления, на какую статью АПК вы при этом ссылаетесь, представитель истца пояснил: «Статья 121 АПК РФ. У нас нет больше никакой информации о месте жительства Торгерсена, мы исходим из того, что находится России».

Представитель ответчика Компании «Теленор Ист Инвест АС» пояснил: «Истец грубейшим образом нарушает нормы АПК , на которые он ссылается, считая, что господин Торгерсен проживает по месту работы, именно в офисе ОАО «Вымпел-Коммуникации» и эту мысль истец хочет донести до суда».

На вопрос представителя ответчика Компании «Теленор Ист Инвест АС», на какие доказательства вы ссылаетесь, говоря, что Торгерсен является членом директоров общества, представитель истца пояснил: «Оснований считать, что он уволился нет. У нас

нет другого выбора, кроме как извещать по адресу общества, поскольку он совершал, являясь членом директоров общества, противоправные действия, которые привели к убыткам компаний».

Представитель ответчика Компании «Теленор Ист Инвест АС» пояснил: «Закон не предусматривает, обязанность ответчика извещать сторон по делу. Третье лицо не уведомлено, в соответствии с императивным требованием АПК извещение должно направляться по месту жительства. Истец не представил никаких доказательств, того что то место по которому истец извещает третье лицо является местом жительства физического лица. Данное судебное заседание не может быть открыто, поскольку нарушены фундаментальные правила АПК и дальнейшее ведение судебного заседания будет являться грубым нарушением норм АПК».

На вопрос суда , имеется ли официальная информация о том, что Торгерсен не является членом директоров общества и не проживает в РФ представитель , представитель ответчика Компании «Теленор Ист Инвест АС» пояснил: «Мне это известно, письменные доказательства представлены в квитанции. Истец должен доказать адрес, а не мы».

Представитель третьего лица Фритьефа Рюстена пояснил: «На сайте общества можно найти информацию, в котором указаны только девять членов директоров, Торгерсен членом директоров не указан».

Представитель ответчика Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД» поддерживает истца, указывает на то, что заявленное ходатайство ведет к затягиванию процесса.

Представитель истца ходатайствует о приобщении к материалам дела дополнительных документов.

Стороны не возразили против заявленного истцом ходатайства.

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель третьего лица Фритьефа Рюстена заявил и настаивает о рассмотрении заявленного ходатайства об отложении судебного заседания по окончании заслушивания мнений сторон по ходатайству.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил и настаивает о рассмотрении заявленного ходатайства об отложении судебного заседания по окончании заслушивания мнений сторон по ходатайству.

На вопрос представителя ответчика Компании «Алтимо Холдингс энд Инвестменте Лтд.» на какую дату вы владели 25 000 АДР, представитель истца пояснил : «На дату 01.04.2008, на дату 30.04.2008 мы владели 25000 АДР».

Представитель ответчика Компании «Теленор Ист Инвест АС» просит обязать истца представить документы, подтверждающие количество АДР.

Представитель истца пояснил, что могут представить необходимые документы.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил об отводе судьи, по доводам, изложенным в заявлении.

В судебном заседании объявлен перерыв.

Судебное заседание возобновлено.

Заявление об отводе судьи рассматривает председатель второго судебного состава судья Лысенко Г.П.

Представитель ответчика Компании «Теленор Ист Инвест АС» изложил доводы, по которым заявил отвод судье.

Представитель третьего лица Фритьефа Рюстена поддержал заявление ответчика.

Представитель истца возразил против заявленного требования, считает, что все требования ответчика направлены на затягивание процесса.

Судья выслушал мнение сторон по заявлению.

Судья осталась в совещательной комнате.

Судья огласил определение.

Судебное заседание продолжается.

В судебном заседании объявлен перерыв на 30 минут.

В назначенное время судебное заседание возобновлено.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель истца заявил ходатайство о привлечении в качестве третьего лица ОАО «Вымпел-Коммуникации».

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» представил заявление с дополнительным документом- заключением профессора Шерстюка, о том, что участие ответчика в процессе не означает признания компетенции Арбитражного суда ХМАО-Югры рассматривать настоящий иск.

Представитель сторон ознакомились с представленным заявлением.

Представитель истца возразил против приобщения к материалам дела документа-заключения профессора Шерстюка, как недопустимое доказательство, заявление ответчика оставляют на усмотрения суда.

Представитель ответчика Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД» поддерживает истца и возражает против приобщения к материалам дела заключения профессора Шерстюка, как не отвечающее требованиям АПК применимым к доказательствам.

Представитель ответчика Компании «Теленор Ист Инвест АС» пояснил : «Мы ссылаемся в заявлении на этот документ и поэтому ходатайствуем о приобщении к материалам дела».

Представитель ответчика Компании «Теленор Ист Инвест АС» на вопрос представителя истца пояснил: «Этот документ не является доказательством, этот документ является составной частью заявления. Заявление мы вправе делать как в устной, так и в письменной форме».

Представитель истца пояснил « В приобщении к материалам дела этого документа должно быть отказано, как недопустимое и неотносимое к материалам дела».

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» представил заявление об информировании суда о наличии судебного дела в г.Нью-Йорке.

Представители сторон ознакомились с представленным заявлением.

На вопрос представителя истца, о том, есть ли какие-либо доказательства наличия судебного дела , представитель ответчика Компании «Теленор Ист Инвест АС» пояснил : «Мы ограничиваемся представленным заявлением».

Представитель истца пояснил по данному заявлению: « Право стороны делать заявления ни чем не ограничено, не могу сказать, существует дело или нет. Это заявление к существу рассмотрения дела не относится».

Других пояснений нет.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил ходатайство о передаче дела по подсудности в Арбитражный суд г.Москвы, по доводам изложенным в заявлении.

Представители сторон ознакомились с представленным ходатайством.

Представитель истца возразил против удовлетворения заявленного ходатайства, указывает на то, что дело принято по подсудности в соответствии с нормами АПК РФ и направлено на затягивание процесса.

Представитель ответчика ОАО «ЦТ-Мобайл» поддержал заявленное ходатайство, указывает на то, что ОАО « ЦТ-Мобайл не являлся акционером ОАО «Вымпел-Коммуникации».

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил ходатайство об оставлении искового заявления без рассмотрения, по доводам, изложенным в ходатайстве.

Представители сторон ознакомились с представленным ходатайством.

Представитель истца пояснил, что на подлиннике доверенности есть печать и подпись.

Представитель ответчика Компании «Теленор Ист Инвест АС» ознакомился с подлинником доверенности на представителя истца, указывает на то, что наименование организации не читается  и нет  доказательства, что это печать Компании «Фэрмекс Продактс, Инк.».

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил ходатайство о прекращении производства по делу на основании п.1ч.1 ст.150 АПК РФ, по доводам, изложенным в ходатайстве.

Представитель истца возразил против заявленного ходатайства.

Других мнений сторон нет.

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил ходатайство о рассмотрении дела с участием арбитражных заседателей, указывает на то, что данное ходатайство должно быть рассмотрено после заслушивания мнений сторон по заявленному ходатайству.

Представители сторон ознакомились с представленным ходатайством.

Представитель истца  попросил объявить перерыв для подготовки ответа по заявленному ходатайству.

На вопрос представителя ответчика Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД» представитель  ответчика  Компании  «Теленор Ист Инвест АС» пояснил: «Суд самостоятельно выбирает кандидатур арбитражных заседателей. Сейчас мы не готовы представить свою кандидатуру».

Представитель истца возразил против заявленного ходатайства, считает, что оно заявлено с целью затягивания процесса и просит объявить перерыв для подготовки мотивированного ответа и предоставления ответчиком кандидатур арбитражных заседателей.

Представитель ответчика Компании «Теленор Ист Инвест АС» пояснил: «Нам необходимо неделю для определения кандидатур арбитражных заседателей».

Возражений против перерыва нет.

Суд объявил перерыв в судебном заседании на 15 минут.

Судебное заседание возобновлено в назначенное время.

Представитель истца возразил против заявленного ходатайства, указывает на то, что заявленное  ходатайство направлено на затягивание настоящего дела, поскольку ответчик не представил кандидатуры арбитражных заседателей.

Представитель  ответчика  Компании  «Теленор Ист Инвест АС» просит удовлетворить  ходатайство и просит рассмотреть ходатайство после заслушивания мнений сторон по заявленному ходатайству.

Представитель  ответчика  Компании  «ЭКО ТЕЛЕКОМ ЛИМИТЕД» возражает против заявленного ходатайства, считает, что данное заседание является судебным.

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил ходатайство о рассмотрении дела в раздельных судебных заседаниях, по доводам, изложенным в ходатайстве.

Представитель истца возразил против заявленного ходатайства.

Других мнений сторон нет.

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель ответчика Компании «Теленор Ист Инвест АС» представил заявление о назначении экспертизы, указывает на то, что назначение экспертизы грубо нарушает нормы АПК и права ответчика, не извещенного надлежащим образом.

Представители сторон ознакомились с представленным ходатайством.

Представитель истца пояснил: «Сторона вправе представлять заявления, но нарушений нет».

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель ответчика Компании «Теленор Ист Инвест АС» заявил ходатайство об отложении судебного заседания для изучения представленных документов, по доводам, изложенным в ходатайстве.

Представитель истца оставил разрешения ходатайства на усмотрение суда, но считает что месячный срок является чрезмерным.

Других мнений сторон нет.

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель третьего лица Фритьефа Рюстена заявил ходатайство об отложении судебного заседания для изучения представленных документов, по доводам, изложенным в ходатайстве.

Представитель ответчика Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД» поддерживает заявленные ходатайства.

Представитель истца оставил разрешения ходатайства на усмотрение суда, но считает, что месячный срок является чрезмерным.

Представитель ответчиков Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД» поддержал заявленные ходатайства.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Суд объявил, что данное ходатайство будет рассмотрено по окончании заслушивания всех ходатайств по делу.

Представитель третьего лица Фритьефа Рюстена заявил ходатайство об истребовании у истца подлинники документов, представленные в материалы дела в копиях на обозрение суда и лиц, участвующих в деле.

Представитель ответчика Компании «Теленор Ист Инвест АС» поддержал заявленное ходатайство.

Представитель истца пояснил, что не возражают против ходатайства, могут представить запрашиваемые документы, но заявителю необходимо определиться с перечнем конкретных документов, оставляют разрешение на усмотрение суда.

На вопрос суда о том, что настаиваете ли вы на предоставлении всех документов, представленных в материалы дела в копиях, представитель третьего лица Фритьефа Рюстена пояснил : « Мы настаиваем на предоставлении подлинников документов, для сличения их с копиями»

Представитель истца пояснил: «Если третье лицо сомневается в подлинности документов, то он может заявить о фальсификации документов в порядке ст. 161 АПК РФ, поскольку это заявление накладывает ответственность, в том числе уголовную на заявителя. Если есть сомнения, то заявляйте о фальсификации документов, ходатайства.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель ответчика Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД» заявил об оглашении резолютивной части экспертного заключения.

Суд огласил выводы экспертов, ответы на поставленные вопросы.

Вопросов нет.

Дополнений, замечаний нет.

Судья объявил,  рассмотрение ходатайств по делу объявляется законченным. Суд удаляется в совещание для принятия решений.

Оглашается резолютивная часть определения.

Судебное заседание окончено 15.07.2008 в 18 часов 10 минут.

Протокол составлен 15.07.2008.

Судья _____ Е.А.Каранкевич
            (подпись)

Помощник судьи _____ Р.Б.Назметдинова
                  (подпись)





# Technology & Media

iht.com  Business  Culture  Sports  Opinion

AMERICAS  EUROPE  ASIA/PACIFIC  AFRICA/MIDDLE EAST  |  TECH/MEDIA  STYLE  HEALTH

TRAVEL  PROPERTIES  BLOGS  DISCUSSIONS  SPECIAL REPORTS  AUDIONEWS

Morning home delivery - save up to 72%

SEARCH    Advanced Search

# Altimo of Russia steps up campaign against Telenor of Norway

.
Reuters
.

Published: March 25, 2008

**MOSCOW:** Altimo, the telecommunication arm of the Russian private equity group Alfa, said Tuesday that its subsidiary had filed a $1 billion lawsuit against the Norwegian company Telenor for delaying Vimpelcom's entry to the Ukrainian market.

Altimo said that the suit, filed Tuesday by Eco Telecom with an international arbitration tribunal in Geneva, arose from what it described as a breach by Telenor of a shareholder agreement concerning Vimpelcom, the No. 2 cellphone operator in Russia after MTS.

It said that Eco Telecom assessed the losses to all Vimpelcom shareholders at $2.7 billion, which resulted from Telenor actions aimed at preventing Vimpelcom from expanding into Ukraine through an acquisition of Ukrainian RadioSystems, or URS, a mobile operator competing with Kyivstar, which is controlled by Telenor.

"As a result of Telenor's actions, the strategic purchase was delayed by approximately one year," Altimo said.

"This delay destroyed shareholder value and significantly affected Vimpelcom's profitability in a rapidly expanding market," Altimo said.

## Today in Technology & Media

Before the gunfire, cyberattacks
.
Nokia adds GPS to a cellphone
.
Atom sales help Intel expand beyond PC market



In the past few years, Alfa has been locked in a legal dispute with Telenor over the direction of Vimpelcom, in which Alfa has 44 percent of voting stock and Telenor has around 30 percent.

Telenor also owns 56.5 percent of Kyivstar, the leading Ukrainian mobile phone company, and Alfa has the remainder.

"This is nonsense," Dag Melgaard, a Telenor spokesman, said. "We strongly oppose this arbitration case."

Melgaard said Telenor viewed the acquisition of URS as a bad investment, and Alfa was now trying to blame Telenor.

"When this proposition came up," Melgaard said, referring to the URS deal, "we said it had a far too high price and that the whole business plan was poor. Looking back, we were right," he

## Video

See all videos »



**Test flight of the jetpack**
John Schwartz of the New York Times tests a jetpack with the help of its inventor, Glenn Martin, and Ray Thoms...



IS UNEXPECTED PERFORMANCE

THE NEW LEXUS IS F

▶ FIND OUT MORE

## Most E-Mailed

24 Hours  |  7 Days  |  30 Days

added.

"Trying to push the responsibility onto us for something they themselves forced through looks like nonsense to us," Melgaard said.

Alfa, whose chairman is one of the youngest Russian oligarchs, Mikhail Fridman, recently lost two arbitration proceedings brought by Telenor related to Vimpelcom and Kyivstar.

"I would not say that this suit should be considered in the context of relations with Telenor," Kirill Babayev, vice president of Altimo, said by telephone.

"We just believe that Vimpelcom's shareholders received less profits than they were due," Babayev said.

A spokesman at the Moscow office of Telenor said that Altimo had notified Telenor about the suit on Friday but that the Geneva tribunal had not yet decided whether to consider the suit.

"It is hard to see this claim as anything but an attempt by Alfa to pressure Telenor and attract media attention with its frivolous $1 billion damage claim," Telenor said.

**» Save up to 72% on morning home delivery of the IHT**

**Home** > Technology & Media　　　　　　　　　　　　　　　　　　Back to top

1. Girl lip-synched another's performance at Olympic opening
2. Web becomes a battleground in Russia-Georgia conflict
3. UBS to overhaul business after posting loss
4. In a kayak race, the first ever Olympic medal for Togo
5. Differences emerge in Europe of a response to Georgia conflict
6. Book on Obama hopes to repeat anti-Kerry feat
7. U.S. spending on contractors in Iraq reported to reach $85 billion
8. U.S. credit system remains crippled a year after crisis erupted
9. Athletes only as old as China says they are
10. Phelps sets Olympic record for career gold medals



**INTERNATIONAL Herald Tribune**　　iht.com/olympics

**Girl lip-synched another's performance at Olympic opening**

More from Olympics:
Five golds for Phelps. Three to go
The first ever Olympic medal for Togo
U.S. volleyball coach is unsure of return

## Latest News

IHT.com Home »



Rafiq Maqbool/AP Photo

### 3 aid workers and their driver killed in Afghanistan

A militant ambush of a U.S. aid organization's vehicle Wednesday killed an American aid worker along with a British-Canadian and a Trinidadian colleague, officials said.

**More Headlines**

Phelps sets Olympic record for career gold medals

Beijing's protest zones: Apply at your own risk

Lagos: Big, busy, traffic-plagued and awfully expensive

Book on Obama hopes to repeat anti-Kerry feat

**In Opinion:** Thomas L. Friedman: Eight strikes and you're out

Ads by Google

**Business VoIP eBook**
Free 96 page IP Telephony eBook. 11 Chapters on Business Telecom.
ShoreTel.com

**New Jersey Telecom**
Call Us for Telecommunication Service in Northern and Central NJ.
www.LandingWiring.com

**10 Rules of Flat Stomach**
Cut Down 9 lbs of Stomach Fat every 11 Days by Obeying these 10 Rules.
FatLoss4Idiots.com

**Telecoms Consultants**
Telecoms practices are hiring Put your career on the fast track
www.Top-Consultant.com



**News:**　Americas | Europe | Asia - Pacific | Africa & Middle East | Technology & Media | Health & Science | Sports
**Features:**　Culture | Fashion & Style | Travel | At Home Abroad | Blogs | Reader Discussions | Weather
**Business:**　Business with Reuters | World Markets | Currencies | Commodities | Portfolios | Your Money | Funds Insite
**Opinion:**　Opinion Home | Send a letter to the editor | Newspaper Masthead
**Classifieds:**　Classifieds Home | Properties | Education Center

**Company Info:**　About the IHT | Advertise in the IHT | IHT Events | Press Office
**Newspaper:**　Today's Page One in Europe | Today's Page One in Asia | Publishing Partnerships
**Other Formats:**　iPhone | IHT Mobile | RSS | AudioNews | PDA & Smartphones | Netvibes | IHT Electronic Edition | E-Mail Alerts | Twitter

**More:**    Daily Article Index  |  Hyper Sudoku  |  IHT Developer Blog  |  In Our Pages

Search



**Subscriptions**
Sign Up  |  Manage

Contact Us  |  Site Index  |  Archives  |  Terms of Use  |  Contributor Policy  |  Privacy & Cookies

Copyright © 2008 the International Herald Tribune All rights reserved

.

# cellular-news

## Telenor Sued for $1 Billion by Russia's Altimo

Russia's Altimo has filed - via a subsidiary - a claim against Norway's Telenor for US$1 billion in damages with an international arbitration tribunal in Geneva. This claim is for alleged breached by Telenor of a Shareholders Agreement relating to Russian mobile company VimpelCom signed by Eco and Telenor to ensure fair and effective management of the assets of VimpelCom.

In 2004-2005, Telenor persistently blocked VimpelCom's attempts to enter the Ukrainian mobile market. In particular, Telenor's representatives on VimpelCom's Board of Directors tried to prevent the purchase by VimpelCom of Ukrainian telecommunication company Ukrainian Radiosystems (URS). As Altimo notes, Telenor is a majority shareholder in Kyivstar, another Ukrainian mobile phone company.

Altimo says that as a result of Telenor's actions, the purchase was delayed by approximately one year, and the delay destroyed shareholder value and significantly affected VimpelCom's profitability.

Eco Telecom, the Altimo leading the legal action is seeking damages to compensate it for these losses. It presently assesses the losses to all VimpelCom shareholders at $2.7 billion, which makes Eco's share around $1 billion.

After the general shareholders' meeting of VimpelCom took the decision to enter Ukraine and the URS deal was finalized in 2006, Telenor sued VimpelCom's management in various courts in Russia in an effort to undo the deal. However, the court decisions all went in favour of VimpelCom.

"We are pleased to support the arbitration claim filed today by Eco Telecom which is aimed to challenge the familiar underhand tactics displayed by Telenor, this time in its management of VimpelCom's affairs", Kirill Babaev, Senior Vice President of Altimo said.

Telenor says that it believes this proceeding has no merit, and will defend it vigorously.

"Alfa recently lost both the VimpelCom and Kyivstar-related arbitration proceedings brought by Telenor," said Telenor Chief Press Spokesman Dag Melgaard. "It is hard to see this claim as anything but an attempt by Alfa to pressure Telenor and attract media attention with its frivolous US$1 billion damage claim. VimpelCom's purchase of URS was an overpriced, non-transparent transaction. URS's weak performance since it was acquired by VimpelCom has confirmed that this was a bad deal for VimpelCom shareholders."

Telenor owns 33.6% of VimpelCom's shares of common stock and 29.9% of VimpelCom's voting capital stock. The arbitration proceeding brought by Alfa will be conducted in Geneva, Switzerland under the UNCITRAL Arbitration Rules before a panel of three arbitrators.

Posted to the site on 25th March 2008

Posted to: www.cellular-news.com/story/30089.php

# cellular-news

# Kommersant
**Russia's Daily Online**

$1 = **24.4316** RUR ▼     Moscow     72º F / 22º C 
€1 = **36.0439** RUR ▲     St.Petersburg     66º F / 19º C

Search the Archives: [＿＿＿＿＿＿] `>>`

Today is Aug. 21, 2008 6:18 PM (GMT +0400) Moscow     Forum | Archive | Photo | Advertising | Subscribe | Search | PDA | RUS



Local Win, Global Loss     Hard Lessons of the 1998 Default Learned     Selling Advice     RUSSIA PROFILE.ORG

## Life



Altimo CEO Alexey Reznikovich

Photo: **Sergey Mikheev**

## Other Photos



// Open Gallery

## Life

**Mid-Class Widened to 1/3**
**Investigators Can't Count the Bodies**
**Nation Develops Confidence in Medvedev**
**Psychiatrists Made Diagnosis for Saakashvili**
**Decade Is No Term for Default**

// Archives

## Readers' Opinions

You are welcome to share your opinion on the issue.

// Join the forum

## Mar. 26, 2008

E-mail | Home

# Altimo Demands a Billion from Telenor

After a short break in the legal battle between the co-owners of cellular operator VimpelCom, Altimo and Telenor, the Russian holding filed a $1-billion suit against Norwegian Telenor for lost profit. Altimo claims that money was not earned in Ukraine because Telenor hindered the VimpelCom's entry into the Ukrainian market. The suit was filed in the Geneva international commercial arbitration court by Altimo subsidiary Altimo Eco. Altimo manages the telecommunications assets of Alfa Group.

Altimo, which controls 44 percent of VimpelCom, estimates that it lost a total of about $2.7 billion in profit due to the resistance of Telenor, which owns 29.9 percent of the cellular operator, after VimpelCom bought Ukrainian operator Ukrainian Radio Systems for $231.3 million in August 2005. That purchase led to a two-year conflict between the Norwegian and Russian companies. Eventually, the courts sided with Altimo.

The new suit was unexpected, especially after VimpelCom's merger with Golden Telecom, which Altimo owns 26.6 percent and Telenor 18.3 percent. Experts say there are grounds to Altimo's claims, but the chances of proving that Telenor acted intentionally caused those losses by acting outside normal business practice are slim. VimpelCom now has a 4-percent share of the Ukrainian market.

**www.kommersant.com**

All the Article in Russian as of Mar. 26, 2008

## See Also

**Personal Products of Care and Cash** // **News** (Mar. 28, 2008)
**Civil Product to Account for 60 Percent ...** // **News** (Mar. 26, 2008)
**Gazprom to Compete with Qatar** // **News** (Mar. 26, 2008)
**TNK-BP Got Rid of FMS, 148 Brits** // **News** (Mar. 26, 2008)
**Advertising Down on Russian TV** // **News** (Mar. 25, 2008)

**Russia May Target Ukraine**
Russia may block US ally Ukraine's attempt to
join NATO; read more.
www.Newser.com

**Russia Volunteers Wanted**
Live and Work Abroad, 1-11 Weeks. Help the
Community - Enroll Today!
CrossCulturalSolutions.org/Russia

**Russian Crude Oil Prices**
See who's pumping oil for $13.21 & selling for
over $120. Free Rpt
www.InvestmentU.net/Oil_Stocks

     Ads by Google

E-mail  |  Home

### PNN: MoscowNews

 The Most Juicy
Political Sex
Scandals

 Russia to Build
Four New Nuclear
Plants

 Middle East: U.S.
Trying for the
Impossible

 A Secret Weapon of
Russian Women

## Для тех кто любит читать
Подарочная карта от книжного Магазина - Звоните без промедления!
ChooseMCC.com/PromoOffer

Ads by Google

Forum  |  Archives  |  Photo  |  About Us  |  Editorial  |  E-Editorial  |  Advertising  |  Subscribe  |  Subscribe to Printed Editions  |  Contact Us  |  RSS

© 1991-2008 ZAO "Kommersant. Publishing House". All rights reserved.





Russia

United Ki

United St

The Neth

Ukraine

Kazakhstan



# United Kingdom

## Alfa Capital Markets

21st Floor, City Tower
40 Basinghall Street
London EC2V 5DE
United Kindgom

Tel.   +44 (0) 20 7588 8500
Fax   +44 (0) 20 7382 4170
info@alfa-cm.com



London

Alfa Capital Markets is the Alfa Banking Group's London-based international investment banking business. Since the founding of the UK operations in 2000, the business has played a key role in attracting international investors to the Russian equity market. Alfa Capital Markets is a branch of Alfa Capital Holdings (Cyprus) Ltd and it is authorised to deal in a broad range of securities transactions in the UK's financial markets. It is a member of the London Stock Exchange. The branch has a well-established and highly regarded equities business, offering its international client base access not only to Russian and CIS corporates, but also to one of the leading financial markets of the world. Brokerage and trading are provided by a talented and experienced team of professionals.

Alfa Capital Markets has an experienced capital markets team, providing Russian and Ukrainian companies with expertise and assistance in accessing the London capital markets. In November 2005, the branch participated as a co-bookrunner in the IPO of Russia's leading tyre producer, which raised over USD $200 million for the company.

With its experience on the LSE, the branch also acts as corporate broker and has a special focus on supporting LSE-listed companies with operations in Russia, Ukraine and Kazakhstan.

## Alfa Capital Holdings (Cyprus) Ltd

Alfa Capital Holdings (Cyprus) Ltd is a Cyprus Investment Firm regulated by the Cyprus Securities and Exchange Commission under license number 025/04.

Since May 2004 the firm is authorized by CySEC to offer brokerage services to international clients in the Russian, Ukrainian and UK capital markets for a wide range of financial instruments.

Alfa Capital Holdings (Cyprus) Ltd operates successfully in the UK through its branch Alfa Capital Markets from January 2005. The branch is member of London Stock Exchange and is regulated by CySEC and the FSA, as host state regulator.

Alfa Capital Holdings (Cyprus) Ltd serves as an international and institutional client base for quality brokerage services offered with high standards of professionalism. The company's response to high competition and market conditions is the offer of improved and sophisticated services and products through the high value performance with the aim to satisfy the short and long term financial needs of its clients.

The company's objective is to provide to each client a full range of most up-to date investment products by implementing the latest advances in the fields of information technologies and business procedures.

**Simon Roache, Chief Executive**

| Tel. | +44 (0) 20 7588 8500 |
| Fax | +44 (0) 20 7382 4170 |

s.roache@alfa-cm.com

**Galina Smolkina, Assistant to the Equities team**

| Tel. | +44 (0) 20 7382 4182 |
| Tel. | +44 (0) 20 7588 8500 |
| Fax | +44 (0) 20 7382 4170 |

smolkina@alfa-cm.com

**Maxim Shashenkov, Director, Head of Equity Distribution**

| Tel. | +44 (0) 20 7382 4163 |
| Fax | +44 (0) 20 7382 4170 |

m.shashenkov@alfa-cm.com

**Mark Cowley, Senior Vice President, Russia/CIS Equities**

| Tel. | +44 (0) 20 7382 4173 |
| Fax | +44 (0) 20 7382 4170 |

m.cowley@alfa-cm.com

**Douglas Babic, Senior Vice President, Sales Trading**

| Tel. | +44 (0) 20 7382 4178 |
| Fax | +44 (0) 20 7382 4170 |

d.babic@alfa-cm.com

**Fixed Income Desk, Ukraine**

**Maria Naturina, Senior Vice President Structured Finance and Fixed Income, Ukraine**

| Tel. | +44 (0) 20 7382 2791 |
| Fax | +44 (0) 20 7382 4170 |

m.naturina@alfa-cm.com

Alfa Capital Markets is the UK Branch of Alfa Capital Holdings (Cyprus) Ltd, a Cyprus Investment Firm authorized by the Cyprus Securities and Exchange Commission under license number 025/04. Alfa Capital Markets is registered in the UK under branch registration number BR 007850, and is regulated by CySEC and by the UK Financial Services Authority (FSA) as host state regulator under Firm Reference Number 416251. It is also member of London Stock Exchange.

Regulated by the Central Bank of the Russian Federation (General License No 1326 of 29 January 1998)

Alfa-Bank is a member of Alfa Group Consortium

© 2001—2008 Alfa-Bank. All rights reserved

OJSC Alfa-Bank is incorporated, focused and based in (Russia or other appropriate jurisdiction outside of the US), and is not affiliated with U.S.-based Alfa Insurance.



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK            )
                             )      ss
COUNTY OF NEW YORK           )

## <u>CERTIFICATION</u>

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached Record of Proceedings, dated

June 23, 2008.


Evan Finch, Project Manager
Geotext Translations, Inc.


Sworn to and subscribed before me

this 21st day of August, 20 08.


VALBONA BURDA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU6170590
Qualified in Richmond County
My Commission Expires July 09, 2011

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. **tel** 212.631.7432 **fax** 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. **tel** 415.576.9500 **fax** 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom **tel** +44.(0)20.7936.9002 **fax** +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong **tel** +852.2159.9143 **fax** +852.3010.0082
translations@geotext.com  |  www.geotext.com



## ARBITRATION COURT
## OF KHANTY-MANSI AUTONOMOUS DISTRICT - YUGRA

628012, Tyumen Province, City of Khanty-Mansiysk
54/1 Lenin St., http://hmao.arbitr.ru, Tel: 3-10-34

RECORD OF PROCEEDINGS
of the Hearing of the Lower Court of Arbitration

City of Khanty-Mansiisk                                    Case No. A-75-2374/2008
June 23, 2008
The Arbitration Court of the Khanty-Mansiisk Autonomous District - Yugra, comprising
Judge Ye.A. Karankevich
With the record of the proceedings of the preliminary court session taken by judge's clerk R.B.
Nazmetdinova,
Considers in preliminary court session the claim by Ferimex Products Inc.
Against ECO TELECOM LIMITED, Altimo Holdings and Investment Ltd., AVENUE LIMITED,
JANOW PROPERTIES LTD., SANTEL LIMITED, Telenor East Invest AS and CT Mobile Open Joint
Stock Company [OJSC]
Third parties: Vimpel Communications OJSC, Mikhail Fridman, Aleksei Reznikovich, Arve Johansen,
Fridtjof Rusten, Henrik Torgersen
To recover USD 3,797,818,500
With the participation of the following:
For claimant: A.I. Muranov, license No. 3128, power of attorney of March 31, 2008; D.S. Cherny, license
No. 8142, power of attorney of March 31, 2008;
For respondents: ECO TELECOM LIMITED – M.A. Yaremenko, power of attorney of April 29, 2008,
passport 4607 No. 656140; A.K. Topornina, license No. 8412, power of attorney of June 20, 2008;
Altimo Holdings and Investment Ltd. – V.V. Yegorov, passport 4506 No. 326008, power of attorney of
March 25, 2008;
AVENUE LIMITED, JANOW PROPERTIES LTD., SANTEL LIMITED – S.V. Minakova, passport
4602 No. 437991, power of attorney of May 6, 2008;
Telenor East Invest AS – did not appear;
CT Mobile OJSC -- D.V. Durashkin, license No. 3921, power of attorney of February 8, 2008;
For third parties:
Vimpel Communications OJSC – did not appear;
Mikhail Fridman – N.V. Batalova, license No. 263, power of attorney of April 24, 2008;
Aleksei Reznikovich -- N.V. Batalova, license No. 263, power of attorney of May 14, 2008;
Arve Johansen – A.A. Lyapin, passport 0503 No. 327220, power of attorney of May 7, 2008;
Fridtjof Rusten – K.K. Kasyan, passport 4053 No. 846597, power of attorney of May 7, 2008;
Henrik Torgersen – did not appear;
Afzalov, M.N., Khigrin, B.I. – correspondents.

The court session was opened on June 23, 2008 at 2:45 PM.

The judge announced the case that would be considered, the name of the arbitration court and its composition, and it was announced that the record of proceedings of the court session would be taken by Judge's Clerk R.B. Nazmetdinova, and that an audio recording of the court session was being made.

The appearance of the parties in the case and their counsel in the court session is verified.

Respondent Telenor East Invest AS did not appear at the court session.

Third parties Henrik Torgersen and Vimpel Communications OJSC did not appear at the court session.

The parties participating in the case and their counsel were explained their rights to file a challenge.

No challenges were filed.

The parties participating in the case and their counsel were explained their procedural rights and duties.

The rights and duties are clear.

The participants in the proceedings are polled to determine what petitions and motions they have.

Counsel for the claimant entered a motion to enter into the case files written evidence that the absent parties in the case were duly notified.

Counsels for Arve Johansen and Fridtjof Rusten reviewed these materials.

Counsel for the third party Fridtjof Rusten stated that Telenor East Invest AS was not duly notified.

The court entered the documents into the case file.

The judge reviewed the evidence of notification of the absent parties in the case that was in the case file.

Preparation for the court session continues.

Counsel for third party Fridtjof Rusten entered written objections concerning proper notification of the parties in the case and asks that the preliminary court session be adjourned for proper notification of the parties in the case.

Counsel for claimant objected to this motion and states that evidence of proper notification of Telenor East Invest AS and Henrik Torgersen was entered into the case file and that the motion should not be granted.

The court announced that this motion will be reviewed at the end of the preliminary court session.

Counsel for claimant entered a motion to require that AVENUE LIMITED, JANOW PROPERTIES LIMITED, SANTEL LIMITED and CT Mobile OJSC produce documents that they could not obtain on their own: constituent documents, minutes of the general creditors meeting.

In response to the court's question whether the respondents have these documents, counsel for claimant responded: "We have information that all these companies participated in the transaction, and we believe that these documents, if provided, might help the court more fully and thoroughly consider the case and understand how much these companies were involved in the transaction. The claim was filed jointly against all the participants, and it is extremely important to determine the degree of each company's participation in the transaction."

Counsel for respondent CT Mobile OJSC, objecting to this motion, pointed out that the claimant can get the constituent document at the Ministry for Taxes and Fees Inspectorate where the entity is located, they cannot provide information on the number of shares since they do not keep a share register and neither CT Mobile OJSC nor its counsel participated in the transaction or has anything to do with it.

Counsel for claimant responded: "The information that CT Mobile OJSC will present as of May 2008 will be sufficient for us."

Counsel for respondents AVENUE LIMITED, JANOW PROPERTIES LIMITED, and SANTEL LIMITED objected to this motion, pointing out that they did not participate in the transaction and have no corporate ties with Vimpel Communications OJSC, and there cannot be any internal documents.

Counsel for respondent Altimo Holdings and Investment Ltd. responded: "The case file includes excerpts on three offshore companies, and there is information pertaining to shareholders in those documents, where it clearly says that Altimo Holdings and Investment Ltd. is a 100% shareholder of the stock, and there is no point in asking for additional information, because this information is already in the file. Some constituent documents are already in the file, and the company bylaws are also in the file. These are annexes 24, 25 and 26 to the claim. Basically, the constituent documents and list of shareholders are already in the case files and there is no point in requesting them. The companies were not involved in execution of the transaction. Counsel for claimant has not explained what role all these companies played in executing the transaction. If it is some other matter that interests them, they should rephrase their request accordingly."

Counsel for claimant added, "So, if it is not a secret, why wouldn't the companies provide the requested documentation for the court session."

In response to the court's question, how do you assess the argument that the constituent documents are already in the case file, counsel for claimant responded: "If AVENUE LIMITED, JANOW PROPERTIES LIMITED, and SANTEL LIMITED are ready to affirm that these constituent documents are correct, then we see no reason to provide the documents."

In response to the court's question, can you confirm the accuracy of the documents in the case file, counsel for respondents AVENUE LIMITED, JANOW PROPERTIES LIMITED, and SANTEL LIMITED responded: "By the next court session we may be able to provide these documents, or we will confirm the accuracy of the documents in the case files."

Counsel for respondent CT Mobile OJSC objected to claimant's arguments concerning whether a shareholder register was kept and points out that CT Mobile OJSC is indeed responsible for keeping a register, but in accordance with the regulation on keeping the register, which was approved in accordance with the law, the register may list three kinds of shareholders: owner, trustee and nominal shareholder. In the CT Mobile OJSC register a nominal holder is the holder of the shares. There is no point in asking CT Mobile OJSC for the information.

Counsel for claimant added: "We wanted to ask CT Mobile OJSC to provide the information it has for May 2008. We insist on our motion and hold that CT Mobile OJSC has this information. We asked for confirmation or denial."

Counsel for respondent CT Mobile OJSC added: "We don't see the point of requesting documents; my confirmations as counsel cannot differ from the written responses. I can confirm this as counsel. I confirm that they were shareholders in May."

There are no other objections or responses.

The court announced that this motion will be considered at the end of the preliminary court session.

Counsel for the third party Fridtjof Rusten entered a motion to adjourn the preliminary court session in connection with the need to review the case file, namely, the documents requested from Vimpel Communications OJSC pursuant to the June 10, 2008, court decision and in connection with the need to select an expert institution, obtain its consent to

perform an expert review, and obtain the documents necessary for the expert institution to perform the review.

In response to the question of counsel for claimant concerning whether they had sent any letters to expert organizations, counsel for the third party responded: "We did manage to contact them by telephone, and they explained to us that this takes time. Five days is not enough for this."

Counsel for claimant objected to the motion. "This motion is aimed at delaying these proceedings. In five business days there was an opportunity not only to contact an expert, but also to obtain a preliminary response whether the expert could participate in the process or not. Counsel for Fridtjof Rusten did not take any steps to contact any experts. No inquiries have been entered in this case. Delaying the case for a month is unwarranted in our view. The motion should not be granted."

Counsel for third party Fridtjof Rusten added: "We proceeded from the fact that to estimate the damages, which are estimated and represent the colossal amount of about USD 4 billion, it would be desirable to engage a more prestigious organization – a government organization."

In response to the question by counsel for claimant whether they had sent an inquiry to expert organizations, counsel for the third party responded: "We did not send an inquiry, we worked over the telephone."

In response to the court's question, why did it take four weeks to get an answer to an inquiry, counsel for the third party responded: "We believe that this is the optimum time. This time came from a conversation with a specialist at the expert institution – the Russian Federation Center for Expert Review at the RF Ministry of Justice. That's what they told us."

Counsel for third parties Mikhail Fridman and Aleksei Reznikovich submitted documents on this inquiry to the expert organization and responded: "We received a preliminary answer by telephone that this expert organization cannot taken on performing the expert review."

Counsel for claimant reviewed the documents.

Counsel for Altimo Holdings and Investment Ltd. explained and presented documents: "We sent three inquiries, the first to an auditing and consulting company that is one of the big five, and we received a refusal to perform the expert review for a number of reasons; the second written inquiry we sent to the Russian organization Rosekspertiza. It is one of the big three expert organizations, but we did not get a response from them. The third inquiry was sent to an organization called "Center for Independent Expert Review of Property," which agreed to perform the expert review."

Counsel for claimant reviewed the documents.

Counsel for respondents AVENUE LIMITED, JANOW PROPERTIES LIMITED, and SANTEL LIMITED explained and presented documents. "We contacted valuation entities. We contacted Russian companies that are rated in the top ten and a foreign company that refused to perform the expert review. One company refused, another did not even respond."

Counsel for claimant reviewed the documents.

Counsel for ECO TELECOM LIMITED explained and presented documents. "We attempted to contact expert organizations and made an inquiry. We received refusals from two organizations, and we did not receive a response from the other."

Counsel for claimant reviewed the documents.

Counsel for Altimo Holdings and Investment Ltd. entered a motion to bring in the expert review organization the Center for Independent Expert Review of Property Ltd. and experts K.Yu. Kulakov

G.P. Fedotov, AV. Kulikov, D.V. Ramenov,  and G.V. Skvortsov and explained: "They need 14 business days from the time they receive the required documents to perform the expert review, and the cost is RUR 520,000. They ask that they be given a single question, divided into sub-questions."

In response to the court's question, do you insist on bringing in this organization as an expert, counsel for Altimo Holdings and Investment Ltd. responded: "Yes, since this is the only organization that agreed to perform the expert review."

In response to the court's question, if you insist, then you agree to pay the cost of the expert review, counsel for Altimo Holdings and Investment Ltd. responded: "With respect to RUR 120,000, we can contribute this money and are ready to pay for an expert review."

Counsel for claimant added: "We leave the selection of the expert to the court's discretion, but to contribute RUR 120,000, we need time to settle this matter with the client."

The second counsel for claimant added: "In a comparison of  the documents submitted by the parties in the case concerning the selection of an expert organization, it all says that counsel for third party Fridtjof Rusten intentionally does not want a resolution of this case. If they wanted to submit the documents, they would have done so."

Counsel for third party Fridtjof Rusten objected: "There was no time to truly evaluate and review expert organizations. One should not have the impression that all the parties could calmly approach this problem, make a selection at their leisure, and exercise their right in a normal fashion; the law does not contemplate doing all this in a hurry. Each party has confirmed that five business days is not enough to take all of the actions outlined under normal working conditions."

Counsel for claimant objected: "We aren't disputing this, we are pointing out that this is not our duty, this is your right. If you have the desire to take even the initial steps, then do so. If not, we can't force you. If you don't want to exercise your right, you are entitled not to exercise your right."

Counsel for third party Fridtjof Rusten objected:  "We believe that five business days is objectively not enough to take this kind of action, regardless of our qualities, properties, etc. That is our position."

Counsel for Altimo Holdings and Investment Ltd. objected to the arguments of third party Fridtjof Rusten.

Counsel for third parties Mikhail Fridman and Aleksei Reznikovich entered a motion to terminate the proceedings in the case because the arbitration court does not have jurisdiction over the dispute.

Counsel for claimant objected to this motion.

In response to the court's question whether a court of general jurisdiction has jurisdiction, counsel for third parties Mikhail Fridman and Aleksei Reznikovich responded: "I believe it does in the context of the claim initially filed."

Counsel for claimant objected to the motion: "We believe that the RF Code of Arbitration Procedure provides grounds to deny this motion. It is not important when a private citizen joins [the proceedings], what is important is that he did not file independent claims. The standard of RF Code of Arbitration Procedure Article 27, Section 4 was established to delineate the jurisdiction of the arbitration court and the general court when an individual who is not a business person joins. It is not important when an individual who is not a businessperson joins as a third party. Following counsel's logic, we have an absurd situation."

Counsel for claimant filed a motion to involve Mikhail Fridman, Aleksei Reznikovich, Arve Johansen, Fridtjof Rusten and Henrik Torgersen as third parties in the case, who are not filing independent claims concerning the subject of the dispute.

In response to the question of third parties Mikhail Fridman and Aleksei Reznikovich whether this case has special jurisdiction, counsel for claimant responded: "We reject your arguments and believe that the case has special jurisdiction."

In response to the court's question whether the individuals are participating in the proceedings today, counsel for claimant responded: "We believe that they are participating in the case, but we are entering a motion just in case."

Counsel for respondent Altimo Holdings and Investment Ltd. expressed the opinion: "We are a respondent in the case and we cannot exclude that the court judgment will be relevant to us. We want to protect all the legal rights afforded to us. If all the individuals will now be excluded from the proceedings, then our rights will subsequently be infringed, and we will be bound by certain obligations set forth in the court ruling. The functions of third parties can be performed within these proceedings."

Counsel for claimant added: "If the RF Code of Arbitration Procedure gives the court the power, in our view it is permissible to involve third parties at the beginning of the proceedings. We hold that the motion should be denied.

Counsel for claimant entered a motion to involve the third parties in writing.

In response to the court's question whether the individuals had previously participated in the proceedings, counsel for claimant responded: "We hold that this motion is necessary to officially confirm that these people are joining in the proceedings."

Counsel for third party Fridtjof Rusten entered a motion concerning a review in separate sessions of the claim to establish grounds for the respondents' liability and the related claim concerning actions concerning their liability.

Counsel for claimant objected to this motion and points out that, by the procedure in Article 160 of the RF Code of Arbitration Procedure, they do not agree to hold a court session separately.

There are no other petitions or motions.

The judge announced that this motion will be considered at the end of the session.

The judge announced the expert organizations and the experts' data.

Counsel for claimant responds: "We leave the matter of the selection of the expert organization to the court's discretion."

There are no objections or challenges to the selection of the expert organization – it is left to the court's discretion.

Counsel for third party Fridtjof Rusten objected.

The court proposes that the parties exercise the right afforded by Article 82, Section 2 of the RF Code of Arbitration Procedure and provide the court the questions that the expert review is supposed to cover. The parties exercised this right and provided the questions to the expert, which the court accepts and takes into account in scheduling the expert review.

Counsel for claimant moves to enter the site inspection report into the case file as confirmation of proper notification of Telenor East Invest AS.

The court enters these documents.

The court resolves the matter of payment for the expert review.

Counsel for claimant requested a recess in the court session.

The court declares a recess for a few minutes.

The court session is resumed.

Counsel for claimant stated that they are ready to assume RUR 120,000 of the costs for the expert review plus 20% of that amount.

There are no questions.

There are no additions or comments.

The judge announced that the consideration of the case on substance is completed. The court retires to deliberate.

The operative portion of the judgment is announced.

The court session adjourns on June 23, 2008 at 6:45 p.m.

The minutes were prepared on June 23, 2008.

Judge _____[signature]_____Ye.A. Karankevich
                              (signature)

Judge's Clerk  _____[signature]_____ R.B. Nazmetdinova
                              (signature)



### АРБИТРАЖНЫЙ СУД ХАНТЫ-МАНСИЙСКОГО АВТОНОМНОГО ОКРУГА-ЮГРЫ

628012, Тюменская область, г.Ханты-Мансийск
ул.Ленина 54/1, http://hmao.arbitr.ru. тел. 3-10-34

### П Р О Т О К О Л
судебного заседания арбитражного суда первой инстанции

г.Ханты-Мансийск

«23» июня 2008 года                                    Дело № А-75-2374/2008

Арбитражный суд ХМАО-Югры в составе

Судьи Каранкевича Е.А.

при ведении протокола предварительного судебного заседания помощником судьи Назметдиновой Р.Б.

рассматривает в предварительном судебном заседании заявление Компании «Фэримекс Продактс,Инк.»

к Компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД», Компании «Алтимо Холдингс энд Инвестменте Лтд.», Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД», Компании «Теленор Ист Инвест АС», ОАО ЦТ-Мобайл»

третьи лица: ОАО «Вымпел-Коммуникации», Михаил Фридман, Алексей Резникович, Арве Йохансен, Фритьеф Рюстен, Хенрик Торгерсен

о взыскании 3 797 818 500 долл. США

при участии

от истца: Муранов А.И., уд. №3128, доверенность от 31.03.2008г., Черный Д.С., уд.№ 8142, доверенность от 31.03.2008г.

от ответчиков:

Компания «ЭКО ТЕЛЕКОМ ЛИМИТЕД»- Яременко М.А., доверенность от 29.04.2008г., паспорт 4607 №656140, Топорнина А.К., удост.№8412, доверенность от 20.06.2008г.

Компания «Алтимо Холдингс энд Инвестменте Лтд.»- Егоров В.В., паспорт 4506 №326008, доверенность от 25.03.2008г.;

Компания АВЕНЮ ЛИМИТЕД», Компания «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компания «СЭНТЭЛ ЛИМИТЕД»- Минакова С.В., паспорт 4602 №437991 , доверенность от 06.05.2008г.;

Компания «Теленор Ист Инвест АС»- не явились;

ОАО «ЦТ-Мобайл»-Дурашкин Д.В., уд.№3921, доверенность от 08.02.2008г.,

от третьих лиц:

ОАО «Вымпел-Коммуникации»- не явились, доверенность от 29.04.2008г.;

Михаил Фридман-Баталова Н.В., уд.№263, доверенность от 14.05.2008г.;

Алексей Резникович- Баталова Н.В., уд.№263, доверенность от 07.05.2008г.;

Арве Йохансен- Ляпин А.А. паспорт 0503 №327220, доверенность от 07.05.2008г.

Фритьеф Рюстен- Касьян К.К., паспорт 4503 №846597, доверенность от 07.05.2008г.

Хенрик Торгерсен- не явились;

... М.Н., Хигрин Б.И.- корреспонденты.

Судебное заседание открыто 23.06.2008г.                14 часов 45 минут

Судья объявил, какое дело подлежит рассмотрению, наименование арбитражного суда и его состав, объявлено, что протокол судебного заседания ведет помощник судьи Заметдинова Р.Б., в судебном заседании ведется аудиозапись.

Проверяется явка    в    судебное    заседание,    лиц,    участвующих    в    деле,    их представителей.

Ответчик - Компания «Теленор Ист Инвест АС» в судебное заседание не явился.

Третьи лица- Хенрик Торгерсен, ОАО «Вымпел-Коммуникации» в судебное заседание не явились.

Лицам, участвующим в деле, председательствующим разъяснены их права заявлять отводы.

Отводов не заявлено.

Лицам,    участвующим    в    деле,    председательствующим    разъяснены    их процессуальные права и обязанности.

Права и обязанности ясны.

Опрашиваются участники процесса, какие имеются заявления, ходатайства.

Представитель истца в судебном заседании представил ходатайство о приобщении к материалам дела письменных доказательств, свидетельствующих о надлежащем извещении неявившихся сторон по делу.

Представители    Арве    Йохансена,    Фритьеф    Рюстена    ознакомились    с представленными материалами.

Представитель третьего лица - Фритьефа Рюстена указал на то, что Компания «Теленор Ист Инвест АС» не извещена надлежащим образом.

Суд приобщил к материалам дела представленные документы.

Судья ознакомил с имеющимися в материалах дела доказательствами извещения неявившихся сторон по делу.

Подготовка к судебному заседанию продолжается.

Представитель третьего лица Фритьефа    Рюстена представил письменные возражения    по    поводу    надлежащего    извещения    сторон    и    просит    отложить предварительное судебное заседания, для надлежащего извещения сторон по делу.

Представитель истца возразил против заявленного ходатайства и указывает на то, что доказательства надлежащего извещения Компании «Теленор Ист Инвест АС», Хенрика Торгерсена представлены в материалы дела и ходатайство не подлежит удовлетворению.

Суд    объявил,    что    данное    ходатайство    будет    рассмотрено    по    окончании предварительного судебного заседания.

Представитель истца заявил ходатайство об истребовании у Компании АВЕНЮ ГЕЙТ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», ОАО «ЦТ-Мобайл» документы, которые не могли получить самостоятельно: учредительные документы, протоколы общего собрания кредиторов.

На вопрос суда о том, имеются ли у ответчиков данные документы, представитель истца пояснил: « У нас есть информация , о том что все эти компании участвовали в сделке и мы считаем, что эти документы в случае предоставления могут помочь суду наиболее полно и всесторонне рассмотреть дело и понять насколько эти компании были задействованы в сделке. Заявлено требование солидарно ко всем участникам и крайне важно определить степень участия каждой компании в сделке.»

Представитель    ответчика    ОАО    «ЦТ-Мобайл»    возразил    против    заявленного ходатайства указывает на то, что учредительный документ, может истец получить в месте нахождения стороны, информацию о количестве акций представить не может, так как они не ведут реестр акций и ни ОАО «ЦТ-Мобайл», ни его представители не участвовали в сделке и не имеют никакого отношения к ней.

Представитель истца пояснил: «Для нас будет достаточно информации, которую представит ОАО «ЦТ-Мобайл» по состоянию на май 2008год.».

Представитель ответчиков Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД» возразил против заявленного ходатайства, указывает на то, что они не участвовали в данной сделке и не имеют корпоративной связи с ОАО «Вымпел-Коммуникации» и внутренних документов быть не может.

Представитель ответчика Компании «Алтимо Холдингс энд Инвестменте Лтд.» пояснил: « В деле имеются выписки по трем оффшорным компаниям и информация касательно акционеров в тех документах имеется, там четко сказано, что 100% акционером по этим компаниям является Компания «Алтимо Холдингс энд Инвестменте Лтд.» и дополнительно запрашивать информация не имеет смысла, потому, что данная информация уже имеется в деле. Какие то учредительные документы уже имеются в деле. устав компаний тоже имеется в деле. Эти приложения 24, 25, 26 к иску. В принципе учредительные документы и перечень акционеров в деле уже имеется и запрашивать их не имеет смысла. Компании не причастны к совершению сделки .Какую роль играли все эти компании в совершении сделки  представитель истца не пояснил. Если их интересует какой то другой вопрос , то они соответственно должны переформулировать свой запрос».

Представитель истца дополнил: « Что если это не секрет, то почему бы компаниям не представить запрашиваемую документацию к судебному заседанию».

На вопрос суда о том, как вы оцениваете довод о том, что есть уже в материалах дела учредительные документы, представитель истца пояснил: « Если компании АВЕНЮ ЛИМИТЕД», «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД»,  «СЭНТЭЛ ЛИМИТЕД» готовы подтвердить , что эти учредительные документы являются верными, то мы не видим никаких причин для предоставления документов».

На вопрос суда можете ли вы подтвердить достоверность имеющихся в материалах дела документов, представитель ответчиков Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД» пояснил: «К следующему судебному заседанию может мы предоставим эти документы, либо подтвердим достоверность имеющихся в материалах дела документов».

Представитель ответчика ОАО «ЦТ-Мобайл» возразил против заявленных доводов истца по поводу ведения реестра акционеров, указывает на то, что действительно ОАО «ЦТ-Мобайл» несет ответственность за ведение реестра, но в соответствии с положением о ведении реестра, утвержденной в соответствии с законодательством, в реестре могут числиться три вида владельцев акций: собственник, доверитель, а также номинальный держатель. В реестре ОАО «ЦТ-Мобайл» значится держателем акций –номинальный держатель.Никакого смысла запрашивать у ОАО «ЦТ-Мобайл» информации нет.

Представитель истца дополнил : « Мы хотели попросить ОАО «ЦТ-Мобайл» представить имеющуюся у них информацию на май месяц 2008г. Мы настаиваем на заявленном ходатайстве и считаем, что у ОАО «ЦТ-Мобайл» имеется такая информация, попросили подтвердить ее или опровергнуть».

Представитель ответчика ОАО «ЦТ-Мобайл» дополнил : « Не видим смысла запрашивать документы, мои подтверждения как представителя не могут отличаться от письменных пояснений. Я могу подтвердить это как представитель. Я подтверждаю, что на май месяц они являлись акционерами».

Других возражений, пояснений нет.

Суд объявил, что данное ходатайство будет рассмотрено по окончании предварительного судебного заседания.

Представитель третьего лица Фритьефа Рюстена представил ходатайство об ознакомлении предварительного судебного заседания в связи с необходимостью с материалами дела, а именно с документами, истребованными у ОАО ... «ВымпелКоммуникации» в соответствии с определением суда от 10.06.2008, а также в связи необходимостью выбора экспертного учреждения, получения от него согласия на

проведение экспертизы, а также получения документов, необходимых экспертному учреждению для проведения экспертизы.

На вопрос представителя истца , о том направляли они какие-либо письма в экспертные организации, представитель третьего лица пояснил: « Нам пока удалось связаться с ними в телефонном режиме и нам объяснили, что необходимо для этого время. Соответственно пять дней для этого недостаточно».

Представитель истца возразил против заявленного ходатайства: « Данное ходатайство направлено на затягивание данного процесса. За пять рабочих дней имелась возможность не только связаться с экспертом, но и предварительно получить от него ответ-может эксперт участвовать в процессе или нет. Представитель Фритьефа Рюстена не предпринял никаких мер, чтобы связаться с какими-нибудь экспертами. В настоящее дело не представлено никаких запросов. Откладывать дело на месяц на наш взгляд необоснованно. Ходатайство не подлежит удовлетворению».

Представитель третьего лица Фритьефа Рюстена дополнил: «Мы исходим из того, что для оценки ущерба, который оценивается и представляет собой колоссальную сумму около 4 млрд. долл.США желательно привлечь более авторитетную организацию-государственную».

На вопрос представителя истца, направляли ли они запрос в экспертные организации, представитель третьего лица пояснил: «Мы не направляли запрос, работали в телефонном режиме».

На вопрос суда , почему четыре недели необходимо для получения ответа на запрос, представитель третьего лица пояснил: « Мы считаем, что это оптимальное время. Этот срок взят из разговора со специалистом экспертного учреждении- Российский федеральный центр экспертизы при Министерстве Юстиции РФ. Так нам объяснили».

Представитель третьих лиц Михаила Фридмана, Алексея Резниковича представила документы о сделанном запросе в экспертную организацию и пояснила: « Получили предварительный ответ по телефону, что данная экспертная организация за проведение экспертизы взяться не может».

Представитель истца ознакомился с представленными документами.

Представитель Компании «Алтимо Холдингс энд Инвестменте Лтд.» пояснил и представил документы: « Мы направили три запроса, первый в аудиторскую-консалтинговую компанию, входит в пятерку крупнейших в мире компаний и получили отказ на проведение экспертизы по ряду причин, второй письменный запрос мы направили в российскую организацию «Росэкспертиза» .Входит в первую тройку экспертных организаций, но ответ от них мы не получили, третий запрос был направлен в организацию, которая называется «Центр независимой экспертизы собственности» , которая согласилась на проведение экспертизы».

Представитель истца ознакомился с представленными документами.

Представитель ответчиков Компании АВЕНЮ ЛИМИТЕД», Компании «ДЖЭНАУ ПРОПЕРТИЗ ЛИМИТЕД», Компании «СЭНТЭЛ ЛИМИТЕД» пояснил и представил документы: «Мы обратились к организациям – оценщикам. Мы обратились к российским компаниям, которые входят в десятку по рейтингу и в иностранную компанию, которая отказалась в проведении экспертизы. Одна компания отказалась, а другая никак не отреагировала».

Представитель истца ознакомился с представленными документами.

Представитель компании «ЭКО ТЕЛЕКОМ ЛИМИТЕД» пояснил и представил в материалы дела документы: « Мы предприняли попытку связаться с экспертными организациями и сделали запрос, по двум организациям мы получили отказ, а от одной ответ не получили».

Представитель истца ознакомился с представленными документами.

Представитель Компании «Алтимо Холдингс энд Инвестменте Лтд.» заявил ходатайство о привлечении в качестве экспертной организации Общества с ограниченной ответственностью «Центр независимой экспертизы собственности», эксперты Кулаков

67

К.Ю., Федотов Г.П., Куликов А.В., Раменов Д.В., Скворцов Г.В., пояснил: « Срок для проведения экспертизы им необходим 14 рабочих дней с момента получения необходимых документов, стоимость 520 тыс.руб.. Они просят поставить единственный вопрос, который делится на подвопросы».

На вопрос суда о том, настаиваете ли вы о привлечении в качестве эксперта этой организации,              представитель Компании «Алтимо Холдингс энд Инвестменте Лтд.» пояснил: «Да, поскольку это единственная организация, которая согласилась на проведение экспертизы».

На вопрос суда, о том, что если вы настаиваете, то вы согласны оплатить стоимость экспертизы,              представитель Компании «Алтимо Холдингс энд Инвестменте Лтд.» пояснил: « В части 120 тыс. руб. мы можем внести эти деньги и готовы оплатить проведение экспертизы».

Представитель истца дополнил: «Мы оставляем на усмотрение суда выбор эксперта и для внесения денежных средств 120 тыс. рублей нам необходимо время для урегулирования данного вопроса с клиентом».

Второй представитель истца дополнил: « В сравнении представленных документов сторонами по делу по поводу выбора экспертной организации, все говорит о том, что представитель третьего лица        Фритьефа Рюстена намеренно не хочет разрешения данного дела. Если бы они хотели представить документы, они бы это сделали».

Представитель третьего лица        Фритьефа Рюстена возразил: « Не было времени реально оценить и рассмотреть экспертные организации. Не создается впечатления, что все стороны смогли спокойно подойти к этому вопросу, выбрать не спеша, нормально реализуя свое право, закон не предусматривает все делать в спешке. Каждая сторона подтвердила, что пять рабочих дней недостаточно для совершения всех обозначенных действий в нормальном рабочем режиме».

Представитель истца возразил: «Мы спорим не с этим , мы указываем на то, что это не ваша обязанность , это ваше право. Если у вас есть желание предпринять хотя бы первоначальные действия, то вы это сделаете, если нет, то мы вас заставить не можем. Если вы не хотите реализовывать свое право, вы вправе не реализовывать свое право».

Представитель третьего лица        Фритьефа Рюстена возразил: « Мы считаем, что пять рабочих дней объективно недостаточно для совершения данного рода действий, в независимости от наших качеств, свойств и т.д. В этом состоит наша позиция».

Представитель Компании «Алтимо Холдингс энд Инвестменте Лтд.» возразил против доводов третьего лица Фритьефа Рюстена.

Представитель третьих лиц Михаила Фридмана, Алексея Резниковича заявил ходатайство о прекращении производства по делу в связи с неподведомственностью данного спора арбитражному суду.

Представитель истца возразил против заявленного ходатайства.

На вопрос суда, подсудно ли данное дело суду общей юрисдикции, представитель третьих лиц Михаила Фридмана, Алексея Резниковича  пояснил: «Полагаю, что да в контексте заявленного первоначально требования».

Представитель истца возразил на заявленное ходатайство: « Считаем, что в АПК РФ есть основания для отказа в удовлетворении заявленного ходатайства. Неважно когда привлекается гражданин, главное, чтобы он не заявлял самостоятельных требований. Норма ч.4 ст.27 АПК РФ и создана, чтобы разграничить подведомственность арбитражного суда и суда общей юрисдикции, когда привлекается физическое лицо, не являющееся предпринимателем. Не имеет значения, когда привлекается в качестве третьего лица физическое лицо, не являющегося предпринимателем. Следуя логике ответчика, мы имеем абсурдную ситуацию».

Представитель истца заявил ходатайство о привлечении к участию в деле в качестве третьих лиц, не заявляющих самостоятельных требований относительно предмета спора Михаила Фридмана, Алексея Резниковича, Арве Йохансена, Фритьефа Рюстена, Хенрика Торгерсена.

На вопрос представителя третьих лиц Михаила Фридмана, Алексея Резниковича о том, обладает ли данное дело специальной подведомственностью, представитель истца пояснил: « Мы опровергаем ваши доводы и считаем  дело обладает специальной подведомственностью».

На вопрос суда , о том, участвуют ли физические лица на сегодняшний день в процессе, представитель истца пояснил: « Мы считаем, что они участвуют  в деле, но ходатайство на всякий случай мы заявим».

Представитель ответчика Компании «Алтимо Холдингс энд Инвестменте Лтд.» выразил мнение: « Мы являемся ответчиком по делу и мы не можем себя исключить, то есть для нас вынесенное судебное решение будет иметь значение. Мы хотим защитить все имеющиеся у нас юридические права. Если сейчас все физические лица будут исключены из процесса, то наши права будут в дальнейшем нарушены, мы будем связаны некими обстоятельствами, изложенными в решении суда. Функции третьих лиц может быть реализована в рамках данного процесса».

Представитель истца дополнил: « Если АПК РФ наделяет суд полномочиями. На наш взгляд допустимо привлекать третьих лиц-физических в начале процесса. Мы считаем ходатайство не подлежит удовлетворению».

Представитель истца представил ходатайство о привлечении третьих лиц в письменном виде.

На вопрос суда , о том, участвовали ли физические лица до сих пор в процессе, представитель истца пояснил: « Мы полагаем , что указанное ходатайство необходимо для формального подтверждения, что данные люди привлечены к участию в деле ».

Представитель третьего лица   Фритьефа Рюстена пояснил: « Мы полагаем, что определением суда указанные лица были привлечены к участию в деле».

Представитель третьего лица Фритьефа Рюстена заявил ходатайство о рассмотрении в раздельных заседаниях требования об установлении оснований ответственности ответчиков и связанное с ним требование о применении мер ответственности.

Представитель истца возразил против заявленного ходатайства и указывает на то, что в порядке ст.160 АПК РФ не согласны с проведением судебного заседания раздельно.

Других заявлений, ходатайств нет.

Судья объявил, что рассмотрение данного ходатайства будет по окончании заседания.

Судья объявил экспертные организации и данные экспертов.

Представитель истца пояснил: « Мы оставляем вопрос о выборе экспертной организации на усмотрение суда».

Возражений, отводов нет по выбору экспертной организации , оставляют на усмотрение суда.

Представитель третьего лица Фритьефа Рюстена возразил.

Суд предложил сторонам воспользоваться правом, предусмотренным  п. 2 ст. 82 АПК РФ, и представить суду вопросы, по которым должна быть произведена экспертиза. Стороны указанным правом воспользовались и представили вопросы эксперту, которые суд принимает и учитывает при назначении экспертизы.

Представитель истца ходатайствует о приобщении к материалам дела протокола осмотра сайта, в подтверждении надлежащего извещения Компании «Теленор Ист Инвест

Суд приобщает представленные документы.

Суд разрешает вопрос по оплате за проведение экспертизы.

Представитель истца попросил сделать перерыв в судебном заседании.

Суд объявил перерыв на несколько минут.

Судебное заседание возобновлено.

Представитель истца заявил, что готовы взять на себя расходы по проведению экспертизы в размере 120 тыс. руб. плюс 20% к заявленной сумме.

Вопросов нет.

Дополнений, замечаний нет.

Судья объявил, что рассмотрение дела по существу объявляется законченным. Суд удаляется в совещание для принятия судебного акта.

Оглашается резолютивная часть определения.

Судебное заседание окончено 23.06.2008г. в 18 часов 45 минут.

Протокол составлен                                23.06.2008г.

Судья _____ Е.А.Каранкевич
              (подпись)

Помощник судьи _____ Р.Б.Назметдинова
                        (подпись)

# Companies

**1930-07**

## COMPANIES ACT

**Principal Act**

| Act. No. 1930-07 | *Commencement* | 1.2.1930 |
|---|---|---|
| | *Assent* | 28.11.1930 |

| Amending enactments | Relevant current provisions | Commencement date |
|---|---|---|
| Acts. 1932-15 | ss.17(1), 18(4), 196(2), 231(2), 244(1) and (2), 246(1), 317(2) and (7), 352(1), 358 and Sch.1 | |
| 1933-04 | s.246(1) | |
| 1934-15 | s.305(1) | |
| 1948-20 | s.334 | |
| 1949-25 | s.221 | |
| 1952-17 | s.231(3) | |
| 1953-15 | s.17 | |
| 1955-17 | s.305(1) | |
| 1956-24 | – | |
| 1962-16 | s.383(1) | |
| 1969-09 | s.384 | |
| 1971-09 | Sch.8 | |
| 1972-16 | ss.17(1) and 20 | |
| 1972-18 | ss.28, 43, 142 and 350 | |
| 1974-16 | s.164 | |
| LN. 1975/061 | s. 13 | |
| Acts. 1980-04 | s. 343(3) | |
| 1982-32 | ss.348 and 383 and Sch. 8 | |
| 1983-43 | s. 180(2) and (3) | |
| 1983-48 | ss.221, 244(2), 305(1), 310(2), 311(1) and 352(1) | |
| 1987-30 | ss.7(1) to (5) and (7) to (14) | 24.12.1987 |
| " " | s. 305(1) | 5.5.1988 |
| " " | ss.17(1), (2)(d) and (3) to (6), 19(1) to (4), 20, 21 and 22 | 23.5.1988 |
| " " | ss.7(6), 93, 94 and Sch.3 | 17.1.1991 |
| 1988-22 | ss.183, 184, 185(2) and Sch.10 | 24.11.1988 |
| 1988-34 | s.309 | 1.1.1989 |
| LNs 1988/132 | Sch. 8 | 1.1.1989 |
| 1988/153 | – | 1.1.1989 |

© Government of Gibraltar (www.gibraltarlaws.gov.gi)

**1930-07**                           Companies

*(1929 c.23, s.314).*    348. (1) Any person may inspect any records kept by the Registrar for the purposes of this Act and may require–

     (a)    a copy in such form as the Registrar considers appropriate of any information contained in those records; or

     (b)    a certified copy of, or extract from any such record.

(2)   The right of inspection extends to the originals of documents delivered to the Registrar in printed form only where the record kept by the Registrar of the contents of the document is illegible or unavailable.

(3)   A copy of an extract from a record certified in writing by the Registrar (whose official position it is unnecessary to prove), to be an accurate record of the contents of any document delivered to him under this Act, is in all legal proceedings, admissible in evidence as of equal validity with the original document and as evidence of any facts stated therein, of which direct oral evidence would be admissible.

(4)   Copies of or extracts from records furnished by the Registrar may, instead of being certified by him in writing to be an accurate record, be sealed with his official seal.

(5)   Any person may require a certificate of the incorporation of a company, signed by the Registrar or authenticated by his official seal.

(6)   Any requirement of the Act as to the supply by the Registrar of a document may, if the Registrar thinks fit, be satisfied by the communication by the Registrar of the requisite information in any non-printed form prescribed for this purpose by Schedule 5 or approved by him.

(7)   Where the document is required to be signed by him or sealed with his official seal and is a communication in a non-printed form, it shall instead be authenticated in such manner as may be prescribed by Schedule 5 or approved by the Registrar.

(8)   No process for compelling the production of a record by the Registrar shall issue from any court except with the leave of the court, and any such process shall bear on it a statement that it is issued with the leave of the court.

**Enforcement of duty of company to make returns to Registrar.**

*(1929 c.23, s.315).*    349. (1)      If a company, having made default in complying with any provision of this Act which requires it to file with, deliver or send to the Registrar any return, account or other document, or to give notice to him of any matter, fails to make good the default within fourteen days after the service of a notice on the company requiring it to do so, the court may, on

© Government of Gibraltar (www.gibraltarlaws.gov.gi)

**VIRGIN ISLANDS**

**NO. 16 OF 2004**

**THE BVI BUSINESS COMPANIES ACT, 2004**

(3)   A company that has elected to file a copy of a register under subsection (1) may elect to cease registration of changes in the register by filing a notice in the approved form.

(4)   If a company elects to file a copy of a register under subsection (1), the company is bound by the contents of the copy register filed then until such time as it may file a notice under subsection (3).

**232.**  Except as otherwise provided in this Act or the Regulations, a document required or permitted to be filed by a company under this Act, may only be filed

  (a)  by the registered agent of the company; or

  (b)  if an Insolvency Act liquidator is appointed in respect of the company, by that liquidator.

**233.**  (1)   Except as otherwise provided in this Act, the Regulations or any other enactment, a person may

  (a)  inspect the Registers maintained by the Registrar under section **230**(1);

  (b)  inspect any document retained by the Registrar in accordance with section **230**(4); and

  (c)  require a certified or uncertified copy or extract certificate of incorporation, merger, consolidation, arrangement, continuation, dissolution or good standing of a company, or a copy or an extract of any document or any part of a document of which he has custody, to be certified by the Registrar; and a certificate of incorporation, merger, consolidation, arrangement, continuation, dissolution or good standing or a certified copy or extract is prima facie evidence of the matters contained therein.

(2)   A document or a copy or an extract of any document or any part of a document certified by the Registrar under subsection (1) is admissible in evidence in any proceedings as if it were the original document.

**234.**  Any certificate or other document required to be issued by the Registrar under this Act shall be in the approved form.

**235.**  (1)   The Registrar shall, upon request by any person, issue a certificate of good standing under his hand and seal certifying that a company is of good standing if the Registrar is satisfied that

*Filing of documents.*

*Inspection of Registers and documents filed.*

*Form of certificate.*

*Certificate of good standing.*